ANNIE BODEE AND FANNIE BODEE, PLAINTIFFS IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

1. If circumstances attending the commission of an offence convey to the accused knowledge necessary to render his subsequent conduct criminal, the fact that an indictment is pending for the earlier offence will not prevent the circumstances from being shown on his trial for the subsequent conduct.

2. An error committed on trial of an indictment, which does not prejudice the defendant in maintaining his defence upon the merits, will not justify the reversal of his conviction.

3. The order of proof at the trial, and the frequency with which an answered question may be repeated, are matters within the discretion of the trial court.

4. If on a trial for larceny the court charges in effect that the defendant, to be guilty, must have taken the goods with a fraudulent purpose to take the property of another and a consciousness that he had no right to take them; a sufficient definition of felonious intent is laid before the jury.

On error to the Monmouth Sessions.

For the plaintiffs in error, *John W. Swartz* and *Frederick Parker*.

For the defendant in error, *Charles H. Ivins* and *Aaron E. Johnston*.

The opinion of the court was delivered by

Dixon, J. The defendants below, Annie Bodee and Fannie Bodee, were jointly indicted for stealing the coal of David A. Statesir, at Freehold, on January 31st, 1893. The substance of the accusation was that they had stolen the coal which dropped along the railroad track while being shoveled from a car into a wagon, and the defence was that the coal taken did not belong to the complainant, and that coal so dropped was abandoned by its owner, or, at least, the defend-ants believed it was. On the trial, in the Monmouth Sessions, exceptions were sealed on which the defendants now rely for the reversal of their conviction.

The first exception is to the admission of testimony on the part of the state, that the complainant had, on the day before the alleged larceny, caused Elizabeth Bodee, the daughter of one defendant and sister of the other, to be arrested for pick-ing up his coal in the same locality. This testimony, coupled as it was with evidence that the defendant Fannie, before committing the alleged offence, knew of Elizabeth's arrest and the reason for it, was competent to disprove the existence of any belief on Fannie's part that the complainant had abandoned his coal. The ground on which the defendants based their objection to this testimony, that the transaction was covered by another indictment, manifestly could not detract from the force of the facts as notice to the defendants. *State v. Raymond*, 24 *Vroom* 260, 265.

Several exceptions were taken to the exclusion of testimony offered by the defendants to show the practice of owners of coal on the one hand and of poor people on the other, with regard to gathering up the coal dropped in unloading cars. This testimony was legitimate on the questions whether the owners had abandoned such coal and whether others who picked it up believed it was abandoned; and the exclusion of the testimony would have called for a reversal of this conviction had it not appeared on the trial, as an undisputed fact proven by the defendants themselves, that they knew the complainant, before and at the time of the alleged larceny,

was insisting on his right to his coal.  With this knowledge it was impossible for them to sustain a defence on the theory that they believed the complainant had abandoned his coal. The exclusion of the testimony could not have prejudiced the defendants in maintaining their defence upon the merits, and therefore will not justify a reversal.  *Rev., p.* 284, § 89; *State* v. *Hunter,* 11 *Vroom* 495.

On cross-examination of the constable who had arrested the defendants while engaged in gathering the coal, he was asked by defendants' counsel, "Why did you not take the coal?" meaning the coal picked up by the defendants, so that it might be produced for identification at the trial. The question being excluded, the defendants excepted.  As the witness had already, on cross-examination, thrice answered the same question, the ruling was not error.  Several other exceptions relate likewise to the repetition of questions, or to the mere order of proof, matters which are within the discretion of the trial court, and in this case no legal error was committed in its exercise.  *State* v. *Fox,* 1 *Dutcher* 566; *Trade Insurance Co.* v. *Barracliff,* 16 *Vroom* 543.

Exceptions were also sealed on the refusal of the court to charge according to requests presented by the defendants.

Most of these requests are so plainly erroneous that no comment upon them is deemed necessary.

One request was that the court should "define felonious intent in law."  The court refused further than in the charge it had defined it, and thereupon an exception was allowed. The charge was to the effect that the defendants, to be guilty, must have intended to convert the coal to their own use and make it their own property, without the owner's consent—must have taken the coal wrongfully and fraudulently, must have feloniously and fraudulently stolen the coal; that if they honestly believed they had a right to take it, the jury should acquit them; that a wrongful taking without felonious intent to steal would be a mere trespass.  Some of these instructions were framed by the defendants' counsel, and we think that altogether they indicated to the jury with reasonable plainness

that the defendants should not be convicted unless they had taken the coal with a fraudulent purpose to take the property of another and a consciousness that they had no right to take it. An intent of that description is felonious. There being no request for any specified definition of felonious intent, we consider the charge on that point sufficient.

The remarks of the court on the facts of the case were not erroneous.

The judgment must be affirmed.

*For affirmance* — THE CHANCELLOR, DEPUE, DIXON, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SMITH.  9.

*For reversal*—ABBETT, SIMS.  2.