ATLANTIC COUNTY CIRCUIT COURT.

BENJAMIN FRIEDBERG, PLAINTIFF, v. SIRACUSA COMPANY, A CORPORATION, DEFENDANT.

Decided February 27, 1946.

For the plaintiff, *Lloyd, Horn & Perskie* (by *Herbert Horn*).

For the defendant, *William Elmer Brown, Jr.*

BURLING, C. C. J. Interrogatories were submitted by the plaintiff to the defendant as follows:

"1. Set forth all insurance written or placed for D. & F. Corporation and/or Hotel Knickerbocker Operating Company, stating when the same was placed, the type of insurance, the amount of the premium, the amount of the commission received or to be received by you, how long such insurance was in force in respect to each item.

"2. State when and where defendant agreed with an officer or officers of D. & F. Corporation to pay brokerage to plaintiff."

Motion has been made to strike out plaintiff's first interrogatory, upon the following reasons:

"(a) That the information thereby demanded is not such as is peculiarly within the knowledge of the defendant and is therefore not the proper subject for interrogatories.

"(b) The information thereby demanded is the private and confidential property of defendant;

"(c) The said demand is an improper unnecessary and illegal effort on the part of plaintiff to pry into the business and affairs of the defendant;

"(d) Plaintiff in any event is not entitled to the information demanded until he first establishes the right to the benefit claimed by him under the contract as alleged in plaintiff's complaint.

"(e) The information demanded is not necessary or essential to the preparation of plaintiff's case for trial; and

"(f) Said demand is otherwise improper and illegal."

It was conceded at the oral argument that, if the plaintiff establishes a right to recover, the information demanded is competent, relevant and material in establishing the plaintiff's burden of proof as to damages.

The information is peculiarly within the knowledge of the defendant, particularly since the plaintiff did not contract with the defendant.

Further resistence is based upon the reason that the information is private and confidential property of the defendant. It was conceded upon oral argument that the information would be subject to subpœna at the trial. *R. S.* 2:97–6. It is not a trade secret but merely private information relating to the ordinary commercial business of a fire insurance agent.

The defendant in this matter seeks a postponement of the answer to the trial and then only upon a prior determination of liability by the court, despite the facts are in dispute. There is a discretion resting in the trial judge to regulate the order of proof. *Abbotts Civil Jury Trials* (*5th ed.*) 197; *Bodee* v. *State* (*Court of Errors and Appeals,* 1894), 57 *N. J. L.* 140; 30 *Atl. Rep.* 681; *Crosby* v. *Wells* (*Court of Errors and Appeals,* 1906), 73 *N. J. L.* 790; 67 *Atl. Rep.* 295; *State* v. *James* (*Court of Errors and Appeals,* 1921), 96 *N. J. L.* 132; 114 *Atl. Rep.* 553. Assuming but not admitting the discretion of the court extends that far, I find no

justification for resort to such an unusual practice in this case. No evidence of bad faith is presented and no motion to strike the complaint as sham or frivolous was made herein.

The reasons advanced do not warrant the interposition of the court. The information sought is limited to April 19th, 1944, and thereafter.

Motion has also been made to strike out plaintiff's second interrogatory, upon the following reasons:

"(a) That said demand is improper and illegal;

"(b) Said demand requests information which is not peculiarly within the knowledge of defendant.

"(c) The information thereby demanded is available to plaintiff from other sources and is subject to be produced at the trial of this cause by process of subpœna.

"(d) The information demanded is not necessary for the preparation of plaintiff's case for trial;

"(e) The information demanded has no relation to the plaintiff's case as set forth in the pleadings filed herein;

"(f) The information demanded is already contained in and a part of the answer of the defendant filed herein; and

"(g) Said demand requests information which is not relevant or material to the issues as framed in this suit."

In view of the allegations of the answer, the motion to strike the second interrogatory is granted.

Appropriate rule may be presented.