## JOHN FOLEY AND CATHARINE FOLEY v. THE BRUNSWICK TRACTION COMPANY.

Argued February 20, 1903—Decided August 21, 1903.

1. The order of proof is always discretionary with the trial judge. He may reopen the case on rebuttal, if he so wills, if no injury will follow to the defendant by way of surprise or otherwise.

2. An engineer, called by the plaintiffs, testified that he had made a map of the locality of the accident for the defendant. On cross-examination the defendant produced, and the witness identified, the map, and stated that it was made from actual measurements, made by himself upon the ground, and that it was drawn to a scale. The defendant had the map marked for identification. The defendant did not offer the map in evidence. Upon the defendant's resting, the plaintiffs called for the map, and offered it on rebuttal. The court admitted it. *Held,* that in this there was no error. Nor was there error in the court's allowing the witness to subsequently testify to pertinent questions as to the map itself and to locate certain points thereon.

3. Where the verdict is clearly excessive, in view of the character of the injury and sufferings of the plaintiff, when injury and sufferings are the only questions submitted to the jury, it may be set aside.

On rule to show cause why a new trial should not be granted.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the rule, *Willard P. Voorhees* and *Robert H. McCarter.*

*Contra, Alan H. Strong.*

The opinion of the court was delivered by

FORT, J. In this case, but three grounds were seriously urged for a new trial. The first related to an alleged error of the trial justice in admitting a certain map in evidence; the second was that the verdict was against the weight of the evidence, and the third, that the verdict was excessive.

On the plaintiff's direct case Asher Atkinson, a civil engineer, was called and testified that he had made a map of the locality of the accident at a time when he was in the employ of the defendant. On cross-examination the defendant produced a map, which he identified as the one he had so made, and he then testified that it was made from actual measurements upon the ground, and was drawn to a scale. The defendant then had the map marked as *Exhibit D 1*, for identification. When the defendant rested, not having offered the map in evidence, the plaintiffs' attorney called for it and offered it in evidence, and the court admitted it. The plaintiffs then recalled Mr. Atkinson in rebuttal, and he was asked a number of proper questions as to the excavation of the street, the curving of the tracks, before and after the changes therein, as also a few pertinent questions as to the map itself. The witness was also allowed to mark certain important points upon the map and to give some measurements therefrom.

It is contended that the admission of this map in evidence and the testimony of Mr. Atkinson in connection therewith was improper on rebuttal. The admission of evidence on rebuttal is largely a matter of discretion with the trial judge. He may reopen the case, if he so wills, on the rebuttal, if no injury follows to the defendant by surprise or otherwise.

Mr. Justice Collins, in *Hustis* v. *Banister Co.,* 34 *Vroom*

467, states the rule correctly when he says: "The other exception was to the admission, on rebuttal, of proof relative to the character of the plaintiff's injuries; that, it is claimed, should have been offered in chief. Without closely analyzing the evidence to see if the claim is well founded, it is sufficient to deny effect to this exception that the order of proof is always discretionary with the trial judge. Counsel concede this, but complain of an 'unlawful exercise of the court's discretion,' which seems to me a contradiction of terms. No surprise was pleaded at the trial, nor was time asked to meet the proof." The rule is similarly stated in 3 *Jones Evid.,* § 809.

Not only was this evidence of Mr. Atkinson and the map, as admitted, unobjectionable, but the trial justice, with unusual care, restricted the use of the map by the jury. In his charge he said: "The map was only admitted as a correct delineation of the lay of the land at the place of the alleged accident at the time it was made. It is proven to have been made by the engineer of the defendant and to be drawn to a scale, and hence to correctly show the present location of the tracks of the Pennsylvania railroad and the tracks of the defendant company. * * * To aid you in arriving at a result as to where, under the proof in the case, the digging proven in the case was actually done you may use it. For this, and this alone, it is in evidence. * * * Only use the map, gentlemen, to aid you by scale measurements in determining under the proof in the case where the digging in this case testified to actually was, and for no other purpose."

On rebuttal, under the evidence offered by the defendant, the map was clearly competent evidence, to the extent at least which the court guardedly permitted the jury to consider it. If there was any error committed, it was in the manner in which the trial justice restricted the plaintiffs in the examination of Mr. Atkinson, as to the map, when he was called on rebuttal. The defendant cannot be heard to complain of that.

Nor do we think that the verdict should be set aside as against the weight of the evidence.

This is a second verdict. The first verdict was set aside because of an error in a legal proposition in the charge of the court. *Foley v. Brunswick Traction Co.,* 37 *Vroom* 637.

If we had been the jury upon this trial we incline to think, under the proof, we should have found that the weight of the evidence was against any liability on the part of the defendant. The proof of an excavation at the point where the plaintiff alighted from the car was unsatisfactory, as was also the proof that the defendant had failed to take reasonable care to make and keep the place, as its terminus, where it discharged the plaintiff, reasonably safe for passengers to alight. But the jury have seen the witnesses and have found otherwise, and we are not inclined to say that the verdict is so *clearly* against the weight of the evidence as to justify the court in setting it aside.

But we do think that the verdict is excessive and should be set aside, unless the plaintiff will elect to take a reduction thereof to $2,500. The plaintiff, Mrs. Foley, was undoubtedly severely injured by the breaking of the neck of the thigh bone and suffered much pain; but she had been slightly lame in the same leg owing to a stiff knee, probably produced by rheumatism. It had been stiff for years. She was unable to go upstairs in a natural way—she had to go up one foot at a time and down in the same way. She was about fifty years of age. Her husband was a captain on a boat plying between New Brunswick and New York and absent each day for a great part of the year. Hence, she had been working quite steadily before the accident. She had never earned to exceed $5.50 per week. Since the accident, she testified, she has been unable to work as steadily or at the same employment, or any employment requiring her to remain long upon her feet, but that she had been employed at work which does not so require and which is not quite so remunerative.

The trial justice limited the damages which the plaintiff was entitled to recover solely to such as would compensate her for the pain and suffering she underwent and for the permanent injury she received. This followed the rule in *Klein v. Jewett,* 11 *C. E. Gr.* 474; *S. C.,* 12 *Id.* 550. For these the

jury allowed $5,500. This amount was, we think, excessive, under the testimony of Dr. Donohue, the plaintiff's physician. From a verdict of $2,500 she would for the remainder of her life receive an income equal to one-half, at least, of her previous income and still, at the end of her life, have the principal fund. We think a verdict for $2,500 would be reasonable compensation for the pain and permanent injury which the plaintiff suffered.

If the plaintiff will elect to reduce the verdict to $2,500 it may stand; otherwise a new trial will be granted.