CHARLES MINARD v. WEST JERSEY AND SEASHORE RAIL-
WAY COMPANY.

Submitted July 7, 1906—Decided November 12, 1906.

1. In an action of tort to recover damages for the loss resulting to
the plaintiff's property from a fire, alleged to have been com-
municated by sparks from a locomotive engine, circumstantial
evidence is frequently the only kind of proof obtainable, and if
the circumstances proven furnish ground for the jury to find that
it was reasonably probable that the fire did thus originate, a
verdict for the plaintiff will not be set aside.
2. The admission of evidence in rebuttal which might have been
offered on the direct case is within the discretion of the trial
court.
3. Unjustified comment by counsel upon witnesses in the cause
should be restrained by the trial court, and may be, in the dis-
cretion of the court, required to be retracted.

On rule to show cause.

Before Justices FORT, GARRETSON and PITNEY.

For the plaintiff, *F. Morse Archer.*

For the defendant, *Gaskill & Gaskill.*

The opinion of the court was delivered by

FORT, J. There are a number of reasons alleged for a new
trial under the rule allowed in this cause, but upon the brief
only three of them are discussed. We will consider them in
their order, as found in the brief.

*First.* Because the plaintiff failed to prove by direct and
sufficient evidence the defendant's liability for the fire.

The proof was circumstantial. A train passed shortly be-
fore the fire. The building caught fire on the roof. Two
or three small fires, near to the building, were also set soon
after the engine passed. The proof here was for the jury,
and was sufficient, under *Wiley* v. *West Shore Railroad Co.,*

15 *Vroom* 247, to send the case to them. The court rightly refused to nonsuit.

*Second*. Because the preponderance of the evidence was strongly with the defendant in several respects:

1. As to how the fire started. We do not think the proof on this point was with the defendant by the weight of the evidence.

2. As to the use of all practicable means to prevent the escape of sparks, the proof was not so free from doubt. But we think the justice left the effect and weight of the proof to the jury fully, and they have, by a special finding, answered four questions submitted by the court, with unusual intelligence, as we think:

"*Q*. Was the fire communicated to the Minard buildings from Engine No. 80?

"*A*. Yes.

"*Q*. Was Engine No. 80, on November 9th, 1903, equipped with a spark arrester of approved pattern and in general use?

"*A*. Yes.

"*Q*. Had the defendant caused an inspection of the spark arrester in No. 80 to be made within a reasonable time before November 9th, 1903, in a reasonably careful manner?

"*A*. Yes, within a reasonable time, but not in a reasonably careful manner.

"*Q*. Was the spark arrester of No. 80, on November 9th, 1903, in as good order and condition as the taking and using of all practicable means would secure?

"*A*. No."

They say they find the fire was communicated from the engine; that the engine was equipped with an approved spark arrester; that the defendant caused inspection, but that it was not done in a reasonably careful manner—and I think the proof of the man who inspected demonstrated that fact—and they find that the arrester was not in good order on the day of the fire. There was proof to justify the finding in the testimony of the Heaths, who testified to the size of the sparks that the locomotive emitted. True, it was objected that their evidence was wrongly admitted in rebuttal,

but I think not. It was proper rebuttal after the defendant had put the spark arrester in evidence for the plaintiff to show that the sparks the Heaths saw could not have come through the mesh of the arrester in evidence if it were in good condition. In any event, the admission of the evidence as rebuttal was entirely within the discretion of the trial justice. *Foley* v. *Brunswick T. Co.,* 40 *Vroom* 481.

The evidence of Herr, who was offered to prove Inspector Bramford's inspection of this arrester on November 12th, three days after the fire, by proving his handwriting, and then offering the paper containing Bramford's written report, was rightly rejected. Such a report is not evidence against the plaintiff.

The third and only remaining reason assigned for reversal is the following statement of counsel to the jury, which appears in the record in this way:

"During the course of the argument to the jury, Mr. Archer said: 'Are you going to take the testimony of these railroad employes, whose bread and butter is at stake?'

"Mr. Gaskill—I object. There is no proof in this case that the bread and butter of the railroad employes is at stake, nor is there any testimony from which any such inference can be drawn.

"The Court—I do not think the court can control counsel, even though the inferences that are drawn seem to the court not to be warranted. I do not think that is a matter of law at all.

"Whereupon the defendant, by its counsel, prays a bill of exceptions, which is allowed and sealed accordingly."

We incline to the view that the practice of counsel in making such comments should be frowned upon. He may rightly refer to the fact that certain witnesses are employes of the defendant, and that the jury should take that fact into account in considering their evidence. But to practically declare, without any evidence to justify it, that if employe witnesses do not testify falsely they will lose their positions, is objectionable. These witnesses were not impeached in any way. The court should have required counsel to withdraw

the statement, there being no evidence in the cause to justify it. But we deem the refusal of the court, in this case, to be harmless error, and not sufficient to entitle the defendant to a new trial.

The remaining question is that the damages are excessive, but we cannot see how we can arrive at that result under the evidence.

The rule of damages fixed by the court as "the fair market value of the machinery" is correct. Not that which the defendant asked the court to charge, namely, that the plaintiff "can recover, if at all, only the value of old machinery as old machinery." Of course, its market value is its market value in the condition it was at the time of the fire.

The rule to show cause is discharged.