THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. JULIUS LAMBERTSON, DEFENDANT IN ERROR.

When an actionable wrong, consisting of or accompanied by personal injury, is committed, the jury, in fixing the damages therefor, are generally entitled to consider the mental agitation and disorder of the plaintiff naturally and proximately resulting from the wrongful conduct of the defendant.

---

On error to the Essex Circuit.

For the plaintiff in error, *Depue & Parker.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

DIXON, J. This suit grows out of the collision which gave rise to the suits brought by Charles Lambertson and Peter Hoimark, just decided, and presents no questions which have not been already disposed of save the request to charge that no damages could be given for fear, fright or any physical or mental disorder resulting from fear or fright.

The trial judge charged that the only compensation the plaintiff was entitled to was compensation for injuries which

resulted from the physical injury caused to the plaintiff by the collision between the wagon in which he was riding and the defendant's car, and we think that in so doing he went as far as the defendant had any right to ask.

While there are decisions holding that mere fright cannot form the legal basis of an action for damages (*Mitchell* v. *Rochester Railway Co.*, 45 *N. E. Rep.* 354, *New York*), it is a well-established rule that when an actionable wrong, consisting of or accompanied by personal injury, is committed, the jury, in fixing the damages, are entitled to consider the mental agitation and disorder of the plaintiff naturally and proximately resulting from the wrongful conduct of the defendant.    This principle was applied in *Ogden* v. *Gibbons*, 2 *South.* 518, an action of trespass *quare clausum fregit*, and is constantly applied in suits for seduction, slander, libel, assault, breach of promise of marriage and the like.    In two reported cases this court has expressly sanctioned the principle.    *Allen* v. *Camden and Philadelphia Ferry Co.*, 17 *Vroom* 198 ; *Delaware, Lackawanna and Western Railroad Co.* v. *Walsh*, 18 *Id.* 548.    Although, in these instances, the mental disturbance was only temporary, it certainly cannot the less deserve consideration because it appears to be permanent.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, COLLINS, DEPUE, DIXON, GUMMERE, LUDLOW, VAN SYCKEL, BOGERT, HENDRICKSON, NIXON.    10.

*For reversal*—None.