CHARLES M. WARD v. WEST JERSEY AND SEASHORE
RAILROAD COMPANY.

Submitted July 6, 1900—Decided November 12, 1900.

1. Apprehension of personal injury, not in fact received, which is caused by the negligent act of another, will not support an action, even when physical suffering follows as a consequence of the fright.

2. In the general conduct of business and the ordinary affairs of life, although a person is bound to anticipate and guard against consequences, which may be injurious to others, he has a right to assume, in the absence of knowledge to the contrary, that those who will be affected by his actions are of average strength, both of body and mind.

On demurrer to declaration.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff, *Spencer Simpson.*

For the defendant, *Nelson B. Gaskill* and *Joseph H. Gaskill.*

The opinion of the court was delivered by

GUMMERE, J. The declaration alleges that the plaintiff, while driving along a public highway at a point where it was crossed by the defendant's railroad, was permitted, without warning from the defendant, to drive upon the crossing in the face of an approaching train; that the gates by which the crossing was protected were raised when he drove upon it, but were carelessly and improperly lowered by the defendant's gate-keeper before he was able to pass entirely over, whereby he was subjected to great danger of being run down and killed by said train; and that, by reason of the danger to which he was thus exposed, he was shocked, paralyzed and otherwise injured.

The question which the demurrer presents is this: whether, in an action for negligence, the mere apprehension of personal injuries, which are not in fact received, will support an action, when physical suffering follows as a consequence of the mental disturbance.

It seems to be universally conceded that mere fright from which no subsequent physical suffering results, affords no ground of action; but, in cases where physical injuries follow therefrom, the decisions are not harmonious. In my judgment, however, those cases which hold to the view that there can be no recovery for such injuries, rest upon sound legal principles, and should be followed. The courts of Maine, Pennsylvania, New York and Massachusetts, as well as those of England, are prominent among the tribunals which hold to the view which I have expressed.

In the case of *Wyman v. Leavitt, 71 Me. 227*, it was decided, on the trial of an action for negligence in blasting out a ledge of rock, whereby certain portions of the rock fell upon plaintiff's building, that "the plaintiff's mental anxiety in relation to his own personal safety, is not, in the absence of physical injury, an element of damage."

In *Ewing v. Pittsburg, &c., Railway Co., 147 Pa. St. 40*, it is said that a declaration which alleges that in a collision on defendant's railroad the cars were thrown off the track and fell against the plaintiff's building, whereby the plaintiff was subjected to great fright, nervous excitement and distress, by which her life was endangered, states no cause of action.

In *Mitchell v. Rochester Railway Co., 151 N. Y. 107*, it was held that the illness and subsequent miscarriage of a female plaintiff, caused by fright due to danger to which she had been subjected by the careless operation of a horse-car of the defendant, afforded no ground of action, when unaccompanied by personal injury.

In *Spade v. Lynn and Boston Railroad Co., 168 Mass. 285, 287*, the cause of action set out in the declaration was that one of the employes of the defendant, in endeavoring to remove a person from the train, conducted "himself with such care-

lessness,' negligence, and with the use of such unnecessary force, and created such disorder and disturbance," that the plaintiff became frightened and was subjected to a severe nervous shock, "by which nervous shock she was physically prostrated, and suffered great mental and physical pain and anguish." The case was decided against the plaintiff on the ground that "in an action to recover damages for an injury sustained through the negligence of another, there can be no recovery for a bodily injury, caused by mere fright and mental disturbance." ·

In *Victorian Railways Commissioners* v. *Coultas, L. R.,* 13 *App. Cas.* 222, it was held by the English Privy Council that there could be no recovery for physical and mental injuries, occasioned by fright, which resulted from the negligent act of defendant's gate-keeper, in inviting the plaintiffs to drive over a railroad crossing, when it was dangerous to do so, whereby plaintiffs were almost run down by an approaching train, although an actual collision was avoided.

Other cases, where the same view is held. as well as those which support the opposite conclusion, will be found collated in 8 *Am. & Eng. Encycl. L.* (*2d ed.*) 665, *notes 2, 3.*

The doctrine of non-liability affirmed in the several opinions already referred to, rests upon the principle that a person is legally responsible only for the *natural* and proximate results of his negligent act. Physical suffering is not the probable or natural consequences of fright, in the case of a person of ordinary physical and mental vigor; and in the general conduct of business, and the ordinary affairs of life, although we are bound to anticipate and guard against consequences, which may be injurious to persons who are liable to be effected thereby, we have a right, in doing so, to assume, in the absence of knowledge to the contrary, that such persons are of average strength both of body and of mind.

I think it is safe to say that the concensus of opinion of the bar of this state has been that no liability exists for such injuries as are the foundation for the present suit. The fact that, in the mass of suits with which our courts have been crowded for the past decade, this is the first time that any

such cause of action has been set up, goes far to demonstrate the accuracy of this statement. Assuming, however, that up to the present time, the rule has been unsettled here, I have no doubt that a wise public policy requires us to hold such injuries to be non-actionable. As was said in *Mitchell* v. *Rochester Railway Co., supra:* "If the right of recovery in this class of cases should be once established, it would naturally result in a flood of litigations in cases where the injury complained of may be easily feigned without detection, and where the damages must rest upon mere conjecture and speculation. The difficulty which often exists in cases of alleged physical injuries, in determining whether they exist, and, if so, whether they were caused by the negligent act of the defendant, would not only be greatly increased, but a wide field would be opened for unrighteous or speculative claims."

I have not overlooked the case of *Buchanan* v. *West Jersey Railroad Co.,* 23 *Vroom* 265, which is thought by counsel for plaintiff to be an authority which supports this action. The plaintiff in that case was permitted to recover damages for the impairment of her health, resulting from fright occasioned by the negligent act of the defendant. But, although it is not expressly stated in the opinion that the defendant's negligence produced personal injury as well as fright, it is, nevertheless, perfectly clear that such was the fact; for the concluding paragraph of the opinion states that it was "not necessary to decide whether mere fright, caused by a wrongful accident which results in physical injury, is or is not actionable." Where personal injury as well as fright is produced by the wrongful act, the rule is entirely settled that the jury is entitled, in fixing the damages, to consider the mental agitation as well as the physical injury. *Consolidated Traction Co.* v. *Lambertson,* 31 *Vroom* 457.

The defendant is entitled to judgment on the demurrer.