JOSEPHINE KENNELL v. ISAAC GERSHONOVITZ AND PHILIP GERSHONOVITZ, PARTNERS TRADING AS GERSHONOVITZ BROTHERS.

Submitted March 20, 1913—Decided June 9, 1913.

1. A state of demand which fairly sets out the claim against the defendant, and from which it will sufficiently appear afterwards what the suit decided, is sufficient.

2. *Comp. Stat.*, p. 1972, § 64b, does not contemplate a nonsuit. The power of the judge is to stay or dismiss the proceeding in order to compel an answer, but as well the court might attach for contempt.

3. Where there is a conflict of evidence, no right of appeal from a District Court is given by the statute.

4. Where there has been bodily injury, the court is right in giving its judgment for the plaintiff for it and for the accompanying fright.

5. The allegation of erroneous views of the court in assessing damages without disclosing them, is not made the subject of appeal by statute.

On appeal from the District Court of the First Judicial District of the County of Hudson.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the plaintiff, *J. Emil Walscheid.*

For the defendants, *Gross & Gross.*

The opinion of the court was delivered by

VOORHEES, J. The judgment brought under appeal in this case was rendered by the judge of the District Court, acting without a jury. The accident arose out of a collision between a street car of the Public Service Railway, in which the plaintiff was riding, and a wagon claimed to have been operated by the servant of the defendant, plaintiff's car running in a northerly direction and the wagon running in a

southerly direction, and on the other track, were about to pass each other. A car going in an opposite direction came up behind the wagon and signaled it to get off the track. The wagon turned out, and something projecting struck the glass of the plaintiff's car, which inflicted the injury upon the plaintiff, as is alleged. The defendant replying, states that the rear wheels of the wagon having caught in the track, skidded. The court gave judgment in favor of the plaintiff for $300. The points raised by the plaintiff are set forth in the brief.

The first point attacks the state of demand for failure to allege the facts constituting the negligence intended to be proved. A general allegation of negligent driving which is set forth in the state of demand, is sufficient. The law does not require strict formality in pleadings in the District Court. If the state of demand is such as to show thereafter what was tried in the action, it is well founded against the allegation of uncertainty. *O'Donnell* v. *Weiler,* 43 *Vroom* 142; *De Jianne* v. *Citizens Protective Association,* 50 *Id.* 107. The state of demand in the present case sufficiently sets out the claim against the defendant, and from it it will sufficiently appear what the suit decided.

A second ground of appeal is that there should have been a nonsuit because the plaintiff had failed to answer certain of the interrogatories propounded by the defendant. These were submitted under the District Court act (*Comp. Stat.,* p. 1972, § 64b; *Pamph. L.* 1910, p. 491. This section does not contemplate a nonsuit. The power of the judge is to stay or dismiss the proceeding in order to compel an answer, but as well the court might attach for contempt.

It is thirdly objected that the driver of the wagon was not the servant or representing the defendant, but an independent contractor. There was a conflict of testimony as to the driver's *status* raising a question of fact as to which no appeal is given by the statute, although perhaps the burden of proof was on the defendant. *Redstrake* v. *Swayze,* 23 *Vroom* 129. We find no error in this.

*Fourth.* The court found from the testimony in the case, which seems to be ample to support it, that the defendant was negligent, and inasmuch as there was evidence from which that conclusion might rightly be derived, no appeal to this court is given.

The fifth ground of appeal is that the plaintiff's injuries were the result of fright, and no cause of action was thereby alleged. The testimony of the plaintiff was that something struck her, and she testified that glass was showered over her. The doctor treated her for a bruise and a sprained arm.

If the glass caused no bodily injury, yet a faint and sustaining the bruises would comply with the rule. See general rule, as stated in *Ward* v. *West Jersey Railroad,* 36 *Vroom* 383; *Buchanan* v. *West Jersey Railroad,* 23 *Id.* 265. In the latter case, the plaintiff dropped to the platform to escape injury, and the action was sustained, and in *Tuttle* v. *Atlantic City Railroad,* 37 *Id.* 327, plaintiff ran from a flying car, and while running, fell. The cause was retained. See also *Porter* v. *Delaware, Lackawanna and Western Railroad,* 44 *Id.* 405. It is quite clear that there was evidence of bodily injury, for which the court fixed its verdict of $300 to answer for such injury and the accompanying fright.

The last point made is that the court adopted an erroneous view as to the measure of damages. The case does not disclose what rule was adopted leading to such a result. We cannot enter the jury room or ascertain the mode of reasoning of the judge in assessing the damages. Upon going over the case in the steps laid out by the appellant, we find no error which should be considered as sufficient to change the result of the judgment of the District Court, and for these reasons the judgment will be affirmed.