ALICE CHASE HERRICK

*vs.*

EVENING EXPRESS PUBLISHING COMPANY.

Aroostook.    Opinion April 4, 1921.

*Damages not recoverable for mental suffering and nervous shock, and visible illness*
*resulting from the negligent publication, without element of wilful wrong,*
*of a wrong portrait with a true news item, announcing the death*
*of a person named therein.*

In case of the negligent publication in a newspaper, without any element of wilful wrong, of a wrong portrait in connection with a true news item announcing the death of a person named therein, in such a manner as to lead a reader to believe that the published portrait is the portrait of the person named in the news item, recovery of damages for mental suffering and nervous shock, and visible illness resulting therefrom, will be denied to the parent of the person whose portrait is thus negligently published, there being no physical injury to the parent.

On exceptions by defendant. This is an action on the case to recover damages by reason of the publication in a newspaper published by the defendant, of the portrait of Nathan C. Herrick, of Washburn, son of the plaintiff, in connection with a sketch reciting and concerning the death of Nathan C. Herrick of Mechanic Falls, the son of the plaintiff at the time of said publication being over-seas in the Army of the United States.

At the return term of said action defendant filed a general demurrer, which was overruled by the presiding Justice, and defendant filed exceptions. Exceptions sustained. Demurrer sustained. Declaration adjudged bad.

Case stated in the opinion.

*William R. Roix*, for plaintiff.

*William C. Eaton*, for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, JJ.

MORRILL, J.   Defendant's general demurrer to the declaration was overruled, and the case is before us upon exceptions to that ruling.

The material facts alleged in the declaration may be succinctly stated thus:   On August 5, 1918, the plaintiff was living, and engaged in business, in Washburn, Aroostook County; she was the mother of Nathan C. Herrick, who on that date was serving in the American Expeditionary Forces over-seas.   The defendant is the publisher of a daily paper in Portland, called "Evening-Express Advertiser;" in the issue of that paper of said fifth day of August, under the heading of "Boy dies Across" the defendant, in the language of plaintiff's allegation, "carelessly and negligently published a certain sketch of Nathan C. Herrick of Mechanic Falls, son of Mrs. A. C. Herrick of Mechanic Falls, who was killed 'across', and carelessly and negligently below the title of said sketch published the picture of Nathan C. Herrick, son of Mrs. A. C. Herrick, of Washburn, Maine;" a copy of this issue came in the usual course of distribution to the house of one Katherine Chouinard, of Portland, a sister of the plaintiff, with whom the plaintiff and her husband were visiting, and was seen by the plaintiff, who, as plaintiff alleges, "recognized the picture as that of her son and immediately after seeing the picture looked above said picture at the heading of the sketch connected with the picture and read "Boy dies Across" meaning and conveying to the plaintiff the news that Nathan C. Herrick, son of Mrs. A. C. Herrick the said plaintiff was dead, and solely because of the careless and negligent publishing of the picture of Nathan C. Herrick, son of the plaintiff, by the said defendant corporation, the said plaintiff immediately became sick and disordered in mind and body and so remained and continued for a long space of time, to wit; to the time of the making of this writ, during all of which time, the said plaintiff suffered great pain in body and mind and was hindered and greatly prevented from performing and transacting her lawful business as milliner at said Washburn, during that time to be done and transacted and was put to great expense, all to the damage of the plaintiff," etc.

The alleged carelessness and negligence in publishing the news item relating to the death of Nathan C. Herrick, of Mechanic Falls, can give no cause of action to the plaintiff; the item itself was true. The plaintiff's rights must rest upon the allegation of carelessness

a nd negligence in publishing, in the manner set forth, the picture of plaintiff's son. It is not alleged that the publication of the picture was done wantonly, or from wrong motives, or in wilful disregard of plaintiff's parental feelings.

The question is therefore presented whether under such circumstances the plaintiff.has any cause of action for her mental pain and anguish caused by the shock of the supposed death of her son and her sickness resulting therefrom. We think not.

In case of injury to a child, the father may maintain an action based upon a loss of services, but generally a parent cannot recover damages for injury to parental feelings. *Wyman* v. *Leavitt*, 71 Maine, 227, 231; 36 Am. Rep. 303, note 306; there are exceptions to this rule, as in cases of seduction or forcible abduction, which are based upon loss of services, but also involve the element of intentional, wanton and wilful wrong.

In case of physical injury to the person caused by negligence mental suffering resulting from such injury is a legitimate element of damage; but if no bodily injury is alleged or proved, there can be no premise upon which to base a conclusion of mental suffering. *Colby* v. *Inhbts. of Pittsfield,* 113 Maine, 507, 509. Such elements of damage when there is no physical injury, are outside the principle of compensation. *Sullivan* v. *Old Colony Street Ry. Co.*, 197 Mass., 512, 516. At common law it was well settled that mere injury to the feelings or affections did not constitute an independent basis for the recovery of damages. Damages for mental suffering have been generally allowed by the courts in three classes of cases: "1. Where, by the merely negligent act of the defendant, physical injury has been sustained; in this class of cases they are compensatory, and the reason given for their allowance is that the one cannot be separated from the other. 2. In actions for breach of contract of marriage. 3. In cases of wilful wrong, especially those affecting the liberty, character, reputation, personal security, or domestic relations of the injured party." The last class contains the element of malice. *Summerfield* v. *Western Union Tel. Co.*, 87 Wis., 1; 41 Am. St., 18. *Western Union Tel. Co.* v. *Rogers*, 68 Miss., 748; 24 Am. St., 300.

But in cases of negligence without any element of wilful wrong, where there is no physical injury, recovery for mental suffering and nervous shock, and visible illness resulting therefrom should be, we think, denied. This denial has been based upon practical grounds.

*Spade* v. *Lynn & Boston R. R.*, 168 Mass., 285, 288.   *Smith* v. *Postal Tel. Cable Co.*, 174 Mass., 576.   In *Linn* v. *Duquesne Borough*, 204 Pa. St., 551; 93 Am. St., 800, it is said: "Mental suffering has not generally been recognized as an element of damages for which compensation can be allowed, unless it is directly connected with a physical injury, or is the direct and natural result of a wanton and intentional wrong.   Where a claim is for mental suffering that grows out of or is connected with a physical injury however slight, there is some basis for determining its genuineness and the extent to which it affects the claimant.   But as the basis of an independent action, mental suffering presents no features by which a court or jury can determine either its existence or its extent, and claims founded on it have generally been regarded as too uncertain and speculative for consideration."

In *Ewing* v. *Railroad Co.*, 147 Pa. St., 40; 30 Am. St., 709, it was held upon demurrer to a declaration not containing an allegation of bodily injury to the plaintiff, that fear, nervous excitement and distress caused by a collision of cars upon a railroad, in which the cars were overturned and thrown from the track and fell upon the premises of the defendant and against her dwelling house, producing mental and physical pain and suffering and permanent disability, but unaccompanied by any injury to the person, afforded no ground for action.   *Wyman* v. *Leavitt, supra,* is cited and relied upon in both these Pennsylvania cases.   Other authorities are collected in 8 R. C. L., Page 516, Title, Damages, Section 74.

We have not overlooked the extensive and learned opinions found in certain cases against telegraph companies, for negligent transmission and delivery of messages, in which recovery of damages for mental suffering, without physical injury, or element of wilful wrong, has been considered, and allowed by some courts and disallowed by others.   These cases are the subject of exhaustive notes in 49 L. R. A. (N. S.,) 206 et seq.

We think however that a verdict for damages based upon the declaration before us would be contrary to law.

> *Exceptions sustained.*
> *Demurrer sustained.*
> *Declaration adjudged bad.*