NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## ANNA SCHUSTER, PETITIONER, v. PERRYMAN ELECTRIC COMPANY, RESPONDENT.

Decided October 15, 1932.

For the petitioner, *Samuel Spingarn*.

For the respondent, *Joseph C. Paul*.

A petition having been filed by the petitioner wherein she alleged that on October 12th, 1929, while in the office of the respondent, in the course of her employment and performing her usual duties as cashier, the office was held up by bandits and suffered a shock.

The respondent filed an answer denying that said disability was compensable under the terms of the Compensation act and the matter came on before me for a hearing, in an agreed stipulation of facts, to wit:

"Assuming that while petitioner, who is employed as a cashier by the respondent, is pursuing her duties in respondent's office, armed bandits enter the office and point revolvers at her causing her to faint from the fright, and that as a result of the shock sustained by her, she loses her voice, is such loss of voice compensable under the provisions of the Workmen's Compensation act?"

I have carefully studied the arguments presented in brief form by Samuel Spingarn, attorney for the petitioner, and by Joseph C. Paul, attorney for the respondent, and have examined several cases in this state and other states and have

come to the conclusion that the petitioner did not sustain an accident arising out of or in the course of her employment.

The case of *Ward* v. *West Jersey Seashore Railroad Co.,* reported in 65 *N. J. L.* 383; 47 *Atl. Rep.* 561, holds as follows:

"Apprehension of personal injury, not in fact received, which is caused by the negligent act of another, will not support an action, even when physical suffering follows as a consequence of the fright."

The facts in that case are that the plaintiff while traveling along a public highway at a point where it was crossed by the defendant's railroad, was permitted, without warning from the defendant, to drive upon the crossing in the face of an approaching train; that the gates by which the crossing was protected were raised when he drove upon it but were carelessly and improperly lowered by the defendant's gatekeeper before he was able to pass entirely over, whereby he was subjected to great danger of being run down and killed by said train; and that, by reason of the danger at which he was thus exposed, he was shocked, paralyzed and otherwise injured. The court then proceeds to outline the law as exists in several other states and adopt the prevailing view of those states.

The case of *Oehler* v. *L. Bamberger & Co.,* reported in 4 *N. J. Mis. R.* 1003; 135 *Atl. Rep.* 71, shows that a salesman of the defendant had sold a vacuum cleaner to the plaintiff and he came to her home to collect for same and while sitting in a chair, threatened to have her arrested if she did not pay for it and as a result the plaintiff was stricken with apoplexy and there was no physical contact between the said salesman and the plaintiff. The court held:

"Liability of tort-feasor is restricted to such damages as may be anticipated as natural and proximate consequences of tort."

Schneider, in his work on the Workmen's Compensation law, volume 1, page 416, says:

"Fright, without actual physical injury, is not sufficient to sustain an award of compensation under the Michigan act."

For these reasons, I find and determine that the petitioner did not sustain an injury within the contemplation of the Workmen's Compensation act of the State of New Jersey.

\*        \*        \*        \*        \*        \*        \*

JOHN C. WEGNER,
*Deputy Commissioner*