Judith CULBERT and Francis Patrick
Culbert, by his father and next
friend, Patrick Culbert,

v.

SAMPSON'S SUPERMARKETS INC.

Judith CULBERT and Francis Patrick
Culbert, by his father and next
friend, Patrick Culbert,

v.

BEECH–NUT CORP.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1982.

Decided April 30, 1982.

Hal S. Weisberger (orally), Frederick P. O'Connell, Augusta, for plaintiffs.

Kelly, Remmel & Zimmerman, U. Charles Remmel, II, Graydon G. Stevens (orally), Portland, for defendants.

Before McKUSICK, C. J., and GODFREY, ROBERTS, CARTER and VIOLETTE, JJ.

VIOLETTE, Justice.

These cases, consolidated below, involve claims for personal injuries suffered by a mother and her infant son when the six month old child choked on a foreign substance contained in a jar of Beech-Nut baby food. Plaintiff Judith Culbert was spoon feeding to her son Francis the food she had purchased at Sampson's Supermarket. In her complaint, Judith Culbert had sought to recover damages for the emotional distress she claims to have suffered as a result of allegedly negligent acts of the defendants.[1] The Superior Court, Kennebec County, dis-

---

1. Plaintiff Judith Culbert also alleged that both defendants had breached warranties of merchantability and fitness for a particular purpose. The parties have not argued in their briefs or at oral argument the propriety of the order below as it affects these allegations. We find that by failing to raise these issues properly, plaintiff has waived any error that might have existed. *See Harrington v. Inhabitants of the Town of Garland*, Me., 381 A.2d 639, 642

missed the mother's claims against Beech-Nut and granted Sampson's motion for summary judgment against the mother. Plaintiff appeals from this adverse ruling. We vacate and remand for further proceedings.

The complaints in this case, identical except in the designation of a defendant, averred that on or about November 4, 1978, plaintiff Judith Culbert purchased a jar of turkey and rice baby food. On the same day, while she was feeding the food to her son, the child allegedly "commenced to choke and gag, and finally spat up a hard substance." The complaint further alleged that it was foreseeable that "as a result of being exposed to the gagging and choking of [Francis Culbert], the plaintiff, Judith Culbert, suffered great anxiety, tension and emotional upset."

Defendants' motions for summary judgment and for dismissal for failure to state a claim were consolidated by the Superior Court. After a hearing and argument by counsel, the presiding justice granted defendants' motions, holding that because plaintiff had not alleged that she was within the "zone of danger" of harm the complaint failed to state a claim for relief upon which damages for negligently inflicted emotional distress could be awarded.[2] On appeal, plaintiff maintains that the lower court incorrectly construed Maine law, and contends that the complaint stated a recognized cause of action for negligence. In determining whether the lower court erred in granting defendant Beech-Nut's motion to dismiss, we consider all well-pleaded material allegations of the complaint as admitted. See *Harmon v. Harmon*, Me., 404 A.2d 1020 (1979); *National Hearing Aid Centers, Inc. v. Smith*, Me., 376 A.2d 456 (1977). We must also accept as true the uncontroverted facts properly before the lower court which granted defendant Sampson's motion for summary judgment against Judith Culbert.

See *Steeves v. Irwin*, Me., 233 A.2d 126 (1967); Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 (Supp.1981).

I

The issue presented by this appeal, although of first impression in this jurisdiction, has been the subject of much commentary in the literature and many cases in other jurisdictions. See, e.g., *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968); *Barnhill v. Davis*, Iowa, 300 N.W.2d 104 (Iowa 1981); *Dziokonski v. Babineau*, 375 Mass. 555, 380 N.E.2d 1295 (1978); *Tobin v. Grossman*, 24 N.Y.2d 609, 301 N.Y.S.2d 554, 249 N.E.2d 419 (1969); Lambert, "Tort Liability for Psychic Injuries", 41 *B.U.L.Rev.* 584 (1961); Comment, "Negligently Inflicted Mental Distress: The Case for an Independent Tort", 59 *Geo. L.Rev.* 1237 (1971); Comment, "Duty, Foreseeability, and the Negligent Infliction of Mental Distress", 33 *Maine L.Rev.* 303 (1981). There exist three basis rules defining the scope of a tortfeasor's liability for mental distress negligently inflicted on a bystander: the impact rule, the zone of danger rule, and a foreseeability test first articulated by the California Supreme Court in *Dillon v. Legg, supra.*

The Law Court adopted the impact rule in 1921 in *Herrick v. Evening Express Pub. Co.*, 120 Me. 138, 113 A. 16 (1921). The Court held that an aggrieved party could not recover damages for injuries resulting from mental or emotional distress unless the individual also sustained a physical impact as a result of the defendant's negligence. Although at one time many jurisdictions adhered to the so-called impact rule, its tenets have now been thoroughly repudiated. See *Battalla v. State*, 10 N.Y.2d 237, 219 N.Y.S.2d 34, 176 N.E.2d 729 (1961). In 1970, this Court expressly declined to follow the impact rule articulated

(1978); *MacArthur v. Dead River Co.*, Me., 312 A.2d 745, 746 (1973).

**2.** Plaintiff subsequently moved to amend her complaints to allege that she was "within the foreseeable zone of risk as the person required to feed her child the negligently strained food manufactured and sold by defendants." Plaintiff assigns as error the denial of this motion. Our decision, holding the complaint sufficient as a matter of law, obviates the need to address the merits of plaintiff's appeal from this ruling.

in *Herrick, supra,* in part because advances made in medical science had eliminated the once perceived need to define the tortfeasor's liability so narrowly. *Wallace v. Coca-Cola Bottling Plants, Inc.,* Me., 269 A.2d 117 (1970).

A majority of jurisdictions have adopted the "zone of danger" test for liability. *See* Comment, "Duty, Foreseeability and the Negligent Infliction of Mental Distress", 33 *Maine L.Rev.* 303, 313 (1981). Under this rule, the negligent tortfeasor is liable to those persons who suffer mental distress as a result of the defendant's conduct and are within the zone of risk or threat of physical harm.

The arbitrary and unjust consequences of applying a spatial limitation on liability led the California Supreme Court to reject the zone of danger test in *Dillon v. Legg, supra.* In *Dillon,* a mother and her daughter saw another daughter struck and killed by a car as they were about to cross the street. The mother and the surviving daughter sought damages for the mental distress they sustained as a result of witnessing the accident. The daughter had been within the danger zone; the mother, standing safely a short distance away, was not in any danger of being struck by the car. The Court ruled that both parties had stated a claim, holding that damages for mental distress could be recovered if the distress was a reasonably foreseeable result of the tortfeasor's conduct. Three factors were deemed particularly relevant in determining whether the injury was foreseeable: 1. whether the plaintiff was located near the scene of the accident, 2. whether the distress resulted from direct observation of the accident, and 3. whether the victim and the plaintiff were closely related. The Court, explaining the significance of these factors, stated:

The evaluation of these factors will indicate the *degree* of the defendant's foreseeability: obviously defendant is more likely to foresee that a mother who observes an accident affecting her child will suffer harm than to foretell that a stranger witness will do so. Similarly, the degree of foreseeability of the third person's injury is far greater in the case of his contemporaneous observance of the accident than that in which he subsequently learns of it. The defendant is more likely to foresee that shock to the nearby, witnessing mother will cause physical harm than to anticipate that someone distant from the accident will suffer more than a temporary emotional reaction. All these elements, of course, shade into each other; the fixing of obligation, intimately tied into the facts, depends upon each case.

In light of these factors the court will determine whether the accident and harm was *reasonably* foreseeable. Such reasonable foreseeability does not turn on whether the particular defendant as an individual would have in actuality foreseen the exact accident and loss; it contemplates that courts, on a case-to-case basis, analyzing all the circumstances, will decide what the ordinary man under such circumstances should reasonably have foreseen. The courts thus mark out the areas of liability, excluding the remote and unexpected.

(emphasis in the original) 68 Cal.2d 741, 69 Cal.Rptr. at 80–81; 441 P.2d at 920–21. In addition, the California Court implicitly limited liability to situations where the psychic injury was manifested physically. Several jurisdictions have followed *Dillon.*[3]

Two years after *Dillon v. Legg* was decided, this Court upheld a jury verdict awarding $2,000.00 in damages for negligently inflicted mental distress suffered by the

---

**3.** *See, e.g., D'Amicol v. Alvarez Shipping Co., Inc.,* 31 Conn.Sup. 164, 326 A.2d 129 (1973); *Leong v. Takasaki,* 55 Haw. 398, 520 P.2d 758 (1974); *Barnhill v. Davis,* Iowa, 300 N.W. 2d 104 (1981); *Dziokonski v. Babineau,* 375 Mass. 555, 380 N.E.2d 1295 (1978); *Williams v. Citizens Mut. Ins. Co. of America,* 94 Mich. App. 762, 290 N.W.2d 76 (1980); *Corso v. Mer-* *rill,* 119 N.H. 647, 406 A.2d 300 (1979); *Portee v. Jaffee,* 84 N.J. 88, 417 A.2d 521 (1980); *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979); *D'Ambra v. United States,* 114 R.I. 643, 338 A.2d 524 (1975); *Landreth v. Reed,* 570 S.W.2d 486 (Tex.Civ.App.1978); *Hunsley v. Giard,* 87 Wash.2d 424, 553 P.2d 1096 (1976).

plaintiff when he found a prophylactic in a bottle of Coca-Cola he was drinking. *Wallace v. Coca-Cola Bottling Plants, Inc.,* Me., 269 A.2d 117 (1970). In so doing, the Court could have permitted recovery under the then current impact rule, since the prophylactic had come in contact with the plaintiff's lips and tongue. However, the Court instead proposed a new rule governing recovery for negligently caused mental distress embracing features of the foreseeability test enunciated in *Dillon*:

> We adopt the rule that in those cases where it is established by a fair preponderance of the evidence there is a proximate causal relationship between an act of negligence and reasonably foreseeable mental and emotional suffering by a reasonably foreseeable plaintiff, such proven damages are compensable even though there is no discernable trauma from external causes.

*Id.* at 121. The formulation of this test constitutes *obiter dictum*, and therefore is not binding on us. The issue presented by this appeal remains unresolved by prior Maine case law.

## II

■ We are persuaded that the better rule governing the scope of liability for negligently inflicted mental distress is the test articulated and adopted by the California Supreme Court in *Dillon v. Legg, supra.* Although we recognize that no rule limiting recovery for mental distress can be free of some element of arbitrariness, we believe that the zone of danger test, never adopted or rejected in Maine, represents an unnecessarily narrow and rigid limit on liability which seems to us far more arbitrary and unjust than the variations of the foreseeability rule adopted by those jurisdictions which follow *Dillon.* The zone of danger rule bars claims by reasonably foreseeable plaintiffs regardless of the authenticity and severity of the injury.

We are aware that several arguments against recognizing a right to recover for mental distress negligently inflicted on a bystander have been advanced by litigants in other jurisdictions and have been accepted in part or in whole. *See, e.g., Stadler v. Cross,* Minn., 295 N.W.2d 552 (1980); *Vaillancourt v. Medical Center Hosp. of Vt., Inc.,* 139 Vt. 138, 425 A.2d 92 (1980); *Tobin v. Grossman,* 24 N.Y.2d 609, 301 N.Y.S.2d 554, 249 N.E.2d 419 (1969). The Pennsylvania Supreme Court recently exhaustively reviewed the case law and scholarly publications on the subject of what has been termed "bystander" claims—mental distress suffered by one not within the zone of danger as a result of witnessing injury to another—and has identified five policy arguments commonly tendered against permitting recovery. *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979). We find the reasoning of the Pennsylvania Court in *Sinn v. Burd* with regard to the five arguments particularly persuasive. The five arguments can be summarized as follows:

1. Medical science cannot establish a causal link between alleged psychic injuries and the shock of fright attendant to having witnessed an accident.

2. Bystander recovery will open the courthouse door to fictitious injuries and fraudulent claims.

3. A flood of litigation will ensue once bystander recovery is allowed.

4. Bystander recovery will burden defendants with undue liability.

5. Liability cannot be reasonably limited once bystander recovery is permitted.

The *Sinn* court's comprehensive answers to these contentions can be stated fairly simply and briefly. First, medical science has unquestionably become sophisticated enough to provide reliable and accurate evidence on the causes of mental trauma. Second and third, the *Sinn* court pointed out that courts on both sides of this issue agree that "concern over fraud is without justification" and that the fear of a litigation deluge is "specious". *Id.* 404 A.2d at 679, 680. *Cf. Moulton v. Moulton,* Me., 309 A.2d 224, 229 (1973) ("A generalized policy concern to prevent fraud or collusion, as well as a paternalistic interest to protect the citizenry against itself through the

elimination of temptations for fraud or collusion, are, in our view, insufficiently weighty to render tolerable the basic unfairness and inequity inhering in the denial of a remedy to one who has suffered wrong at the hands of another.") Fourth, the court responded to the claim that defendants will be unduly burdened by stating that

> The conduct which is offered as supporting the liability—i.e., in this case the negligent operation of the vehicle—is of the kind which has traditionally been held to have been actionable by plaintiffs who had sustained provable damages. The departure that is being urged is as to *the scope of damages that will be recognized as flowing from that conduct.* In this context, we are satisfied that the developments in the fields of medical science and psychiatry do provide the impetus for expanding our legal recognition of the consequences of the negligent act. To arbitrarily refuse to recognize a now demonstrable injury flowing from a negligent act would be wholly indefensible.

(emphasis in original) *Id.* 404 A.2d at 683.

Limits, however, must be placed on liability in order to protect parties from lawsuits concerning minor psychic and emotional shocks which clearly should not be compensable injuries. The law should not provide a remedy for the usual and insignificant emotional traumas of daily life in modern society. See *D'Ambra v. United States,* 114 R.I. 643, 338 A.2d 524, 529 (1975). The courts of Pennsylvania and Hawaii have addressed this concern by explicitly limiting recovery to claims of "serious" mental distress, which can be "found where a reasonable person 'normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances' of the event." *Sinn v. Burd,* 404 A.2d at 683, quoting *Leong v. Takasaki,* 55 Haw. 398, 520 P.2d 758, 764 (1974). This is a reasonable response to a legitimate concern about scope of liability and we hold that in Maine only serious mental injury shall be compensable.

We believe that the traditional tort concept of foreseeability will further circumscribe in an equally rational way the tortfeasor's liability in bystander cases, and so we adopt the three-factor test advanced in *Dillon v. Legg, supra,* for determining whether an injury was reasonably foreseeable. These three factors, discussed *infra,* form a basic framework for the disposition of emotional distress claims in bystander actions. However, it should be remembered that since the imposition of liability is ultimately a factual determination which must be made on a case by case basis, the *Dillon* test should not be applied formulistically to bar arguably valid claims.

Several courts appear to further restrict liability to instances where the mental distress is evidenced by physical symptoms or injuries. *See, e.g., Dziokonski v. Babineau,* 375 Mass. 555, 380 N.E.2d 1295 (1978); *Corso v. Merrill,* 119 N.H. 647, 406 A.2d 300 (1979). In *Wallace v. Coca-Cola Bottling Plants, Inc.,* Me., 269 A.2d 117 (1970), this Court required proof of "objective symptomatology" (in that case, nausea) before the plaintiff could recover for mental distress. We now reject the notion that the plaintiff must allege or prove physical injuries or physical manifestations of the distress, as required by *Wallace, supra,* as well as emotional and mental trauma, in order to prevail. We do so for three reasons. First, the requirement in its application is overinclusive since it permits recovery for demonstrably trivial mental distress claims accompanied by physical symptoms. Second, it is underinclusive since serious distress is arbitrarily deemed not compensable if not accompanied by physical symptoms. Third, such a rule "encourages extravagant pleading and distorted testimony." *Molien v. Kaiser Foundation,* 27 Cal.3d 916, 929, 167 Cal.Rptr. 831, 838, 616 P.2d 813, 820 (1980). Given the state of modern medical science, we can safely conclude that proof of "objective symptomatology" is no longer necessary, although it may be highly persuasive evidence, to establish mental distress. *Sinn v. Burd,* 404 A.2d at 679.

### III

In summary, we hold that a bystander may recover damages for serious mental distress foreseeably resulting from witnessing another person harmed by the tortfeasor's negligent act. The psychic injury may be deemed foreseeable when the plaintiff bystander was present at the scene of the accident, suffered mental distress as a result of observing the accident and ensuing danger to the victim, and was closely related to the victim. Proof of physical manifestations of the mental injury is no longer required as a part of the plaintiff's cause of action for negligently inflicted mental distress, and the decision in *Wallace v. Coca-Cola Bottling Plants, Inc.*, Me., 269 A.2d 117 (1970), is overruled so far as it holds otherwise.

█ The trial court in this case granted defendants' motions to dismiss and for summary judgment solely because the plaintiff was not within the zone of danger of harm. There were no findings made as to the sufficiency of the complaint and other pleadings under the *Dillon* rule. For this reason, we vacate the orders of dismissal and judgment for the defendants and remand the case to Superior Court so that rulings on defendants' motions may be made by applying the rule adopted in this opinion.

The entry is:

Appeal denied in part and sustained in part.

Order dismissing Counts IV and VI affirmed as to defendant Beech-Nut.

Judgment for defendant Sampson's on Counts IV and VI affirmed.

Order dismissing Count II vacated as to defendant Beech-Nut.

Judgment for defendant Sampson's on Count II vacated.

Remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.