**In re William MOORENOVICH, Estate of Gordon Harvey, Joseph Melanson, Paul Kenison, Richard Smith, Caleb Fowler, Ronald Fernald, Mabel Ogden, Alvin Gould.**

Nos. 79–112–P, 80–0303–P, 80–0318–P, 80–0447–P, 81–0149–P, 81–0242–P, 81–0269–P, 81–0270–P and 83–0021–P.

United States District Court,
D. Maine.

March 17, 1986.

G. William Higbee, Brunswick, Me., Donald G. Lowry, Peter B. Dublin, Portland, Me., William A. Mulvey, James G. Noucas, Robert Gallo, Lori A. Howel, Atty., Portsmouth, N.H., Dan W. Thornhill, Kittery, Me., Michael P. Thornton, Neil Leifer, Boston, Mass., Thomas Tureen, Harold Lichten, Lawrence C. Winger, Portland, Me., David J. Ansel, Boston, Mass., Melvin I. Friedman, Kreindler & Kreindler, New York City, Thomas W. Henderson, Pittsburgh, Pa., Ira A. Levy, Wayne Schneider, Newark, N.J., Thomas J. Pearson, Houston, Tex., for asbestos plaintiffs.

Peter L. Murray, Thomas C. Newman, Portland, Me., for Amchem Products, Inc. (Wellington).

Harrison L. Richardson, Thomas Getchell, Portland, Me., for Armstrong World Industries, Inc. (Wellington).

Stephen C. Whiting, Portland, Me., for Bendix Corp.

M. Roberts Hunt, Glenn Robinson, Portland, Me., for Celotex Corp. (Wellington).

C. Alan Beagle, Portland, Me., for Combustion Engineering.

Frederick C. Moore, Portland, Me., for Cummings Insulation and Claremont Co., Inc.

U. Charles Remmel, Portland, Me., for Fibreboard Corp. (Wellington).

Philip K. Hargesheimer, Roger J. O'Donnell, Lewiston, Me., for Flintkote Co. (Wellington).

Jotham D. Pierce, Jr., Daniel Emery, Portland, Me., for G.A.F. Corp.

George F. Burns, Portland, Me., for Garlock, Inc.

Harold J. Friedman, Martha C. Gaythwaite, Atty., Portland, Me., for G.M. Delco Moraine.

Thomas Cox, Martin Robles, Portland, Me., for John-Crane Houdaille.

John R. Linnell, Auburn, Me., for Eagle-Picher Industries (Wellington).

Thomas Schulten, John Rich, Portland, Me., for Eastern Refractories.

David Fisher, Portland, Me., for Nat. Gypsum (Wellington).

John J. Flaherty, Christopher D. Nyhan, Edward Benjamin, Portland, Me., for Nicolet, Inc.

Nicholas S. Nadzo, John Montgomery, Portland, Me., for Owens-Corning Fiberglas Corp. (Wellington).

Phillip D. Buckley, Bangor, Me., for Johns-Manville.

Thomas F. Monaghan, Kevin G. Libby, Portland, Me., for Keene Corp. (Wellington).

Roger J. Katz, Lipman & Parks, Augusta, Me., for United States Gypsum (Wellington).

Peter J. Rubin, Linda A. Monica, Atty., Jeffrey T. Shedd, Portland, Me., for Owens-Ill. (Wellington).

John A. Mitchell, James G. Goggin, Portland, Me., for Pittsburgh Corning Corp. (Wellington).

Charles H. Abbott, Steven F. Wright, Lewiston, Me., for H.K. Porter Co. Southern Textile Co. (Wellington).

Thomas R. McNaboe, Mark G. Furey, Portland, Me., for Raymark Industries, Inc.

Randall E. Smith, Saco, Me., for J.P. Stevens & Co.

## MEMORANDUM AND ORDER

DAVID S. PORTER, Senior District Judge.[*]

These consolidated cases are before the Court on defendants' motion to exclude from plaintiffs' opening statements any reference to fear or increased risk of cancer. At the pretrial conference, held March 6, 1986, the Court informed counsel that our ruling on this issue would depend on the Court's ultimate decision regarding the admissibility of such evidence. This order therefore exceeds the scope of the motion before us, but also clarifies issues we anticipate will arise at trial.

Since Maine courts have not squarely decided the issue, we must predict how the Maine Supreme Judicial Court would decide the issue should it arise.

■ As an initial matter, it is necessary to define the exact question before the Court. Plaintiffs do not wish to prove that they will contract cancer in the future as a result of their exposure to asbestos. Nor do they wish to prove that the increased risk alone provides a sufficient predicate for the award of damages. They are completely foreclosed from this approach by the rule that only damages provable to a reasonable probability are available in a personal injury action. *See Michaud v. Steckino*, 390 A.2d 524 (Me.1978); *see also*

*Pierce v. Johns-Manville*, 296 Md. 656, 464 A.2d 1020 (1983).

■ Plaintiffs are seeking damages for a *present* injury. That is, the present anxiety or fear they experience that they will contract cancer in the future. This fear derives from the fact that asbestos is a known carcinogen, that they have had prolonged exposure to asbestos, and that their co-workers are dying at a higher than normal rate from asbestos-related cancer. *See* Plaintiffs' Memorandum in Support of the Admissibility of Evidence Bearing Upon the Risk of Cancer, at 7.

Although not explicitly discussed as such, we have found that the cases deal with mental distress damages in two different ways. One group has analyzed the claim of anxiety damages as a separate cause of action for emotional distress. Various jurisdictions have divergent requirements for recovery under such a cause of action. Thus, for example, in *Eagle-Picher Industries, Inc. v. Cox Sr.*, 481 So.2d 517 (Fla.Ct.Ap.1985), the court looked to the law of Florida to determine that emotional distress required impact and injury before damages would be available. Likewise, in *Jackson v. Johns-Manville Sales Corp., et al.*, 781 F.2d 394 (5th Cir. 1986), the court determined:

> Under Mississippi law, damage awards for mental distress may be rendered when either of two conditions is satisfied: when the plaintiff's mental suffering is accompanied by a physical injury, or when the plaintiff establishes the defendant's misconduct to have been wilful, gross, wanton.

The other group has taken the position that mental distress damages are a normal element of damages available in a personal injury action. This line of cases includes *Ward Baking Co. v. Trizzino*, 27 Ohio App. 475, 161 N.E. 557 (1928) (fear of ensuing consequences from swallowing a needle in a piece of cake), and *Davis v. Tobin*, 131

---

[*] Honorable David S. Porter, United States Senior District Judge, Southern District of Ohio, sitting by designation.

Me. 426, 163 A. 780 (1933) (Damages for injury may include shock of accident and all sufferings, mental and physical which it caused.). In the context of fear of cancer, courts having considered such a claim have almost uniformly allowed it. Gale & Goyer, *Recovery for Cancerphobia and Increased Risk of Cancer*, 15 Cum.L.Rev. 723, 730 (1985).

There is no question that courts have been very cautious in their award of damages asserted under an independent cause of action for emotional distress. Courts have feared a flood of litigation if plaintiffs are permitted to assert a separate cause of action for emotional distress in the absence of some accompanying physical manifestation of injury (with the exception that damages have been available absent physical manifestation when the anxiety was caused by "outrageous" conduct. *See Restatement (Second) of Torts*, § 46 (1965).) *See, e.g., Ward v. West Jersey & S.R. Co.*, 65 N.J.L. 383, 47 A. 561 (1900).

In Maine, "[p]rior to 1970, a plaintiff could not recover damages for negligently inflicted mental suffering, except in connection with recovery of damages for physical injury caused by the same negligent act." *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 153 (1979). Without conducting an extensive review of the law, it is fairly safe to say that Maine's reluctance to award such damages has been shared by nearly every American jurisdiction. *See* W. Prosser, *Law of Torts* at 49 (4th ed. 1971).

Despite its earlier reluctance to recognize a separate cause of action for emotional distress in the absence of some physical manifestation of harm, Maine has recently greatly liberalized its approach to this aspect of the law. The recent trend has culminated in *Culbert v. Sampson's Supermarkets, Inc.*, 444 A.2d 433 (Me.1982). In *Culbert*, the plaintiff sued for anxiety damages resulting from seeing her baby choke on a foreign substance found in its baby food. After carefully reviewing the pros and cons in recognizing a liberalized cause of action for emotional distress, the court concluded that justice would be served by permitting "a bystander [to] recover damages for serious mental distress *foreseeably* resulting from witnessing another person harmed by the tortfeasor's negligent act." *Id.* at 438 (emphasis added). Thus, the Maine Supreme Judicial Court has shifted its focus from a requirement of physical injury to defendants duty not to create the potential for such harm in analyzing emotional distress cases.

■ Given Maine's liberal recognition of an independent cause of action for emotional distress in an area of law that has been typified by judicial caution, and also its longstanding recognition of damages for anxiety of future consequences, *see Davis, supra*, we conclude that under Maine law, fear of cancer is a recoverable element of damages in the instant actions. Any such recovery would be for *present* damages, and we do not believe that a plaintiff's cause of action for cancer, should it ultimately develop, would be necessarily foreclosed by *res judicata* under our ruling.

■ It goes without saying that the following are prerequisites to any recovery of anxiety damages. First, that any anxiety must have been proximately caused by plaintiff's exposure to asbestos. Moreover, the anxiety must be reasonable. Finally, defendants must be legally responsible for the plaintiff's exposure to asbestos. *See, Valori v. Johns-Manville, et al.*, No. 82–2686 (D.N.J. Dec. 11, 1985).

We hold therefore, that based on Maine law and the Federal Rules of Evidence plaintiff may discuss anxiety of cancer during opening statement, as well as offer evidence on this issue during trial.

We are mindful that such evidence has the potential to be highly prejudicial. However, our previous experience in similar asbestos cases convinces us that the jury is capable of sorting out the evidence, understanding the instructions on this issue and placing cancer evidence in the proper perspective.

We nevertheless admonish plaintiff that the Court will be wary of any efforts to "overshadow" the case by the "the dread specter of cancer." *Lohrmann v. Johns-Manville, et al.*, 782 F.2d 1156, 1160 (4th Cir., 1986).

### ORDER

For the foregoing reasons, it is accordingly ordered that defendants' motion in limine to exclude from opening statements any discussion of fear or increased risk of cancer is denied. With this order we also hold that such evidence is admissible in the case in chief.

SO ORDERED.

