**J. Russell COOK and Brenda Cook, Plaintiffs,**

v.

**GENERAL CABLE CORP., et al., Defendants.**

Civ. A. No. 88–0251–P.

United States District Court, D. Maine.

April 19, 1989.

John S. Campbell, Paul F. Zendzian, Poulos, Campbell & Zendzian, Portland, Me., for plaintiffs.

Theodore H. Kirchner, James Poliquin, Norman, Hanson & DeTroy, Portland, Me., for Alicandro Marty's Inc.

Wendell G. Large, Barri L. Bloom, Richardson & Troubh, Portland, Me., for Kiley.

M. Roberts Hunt, Elizabeth G. Knox, Hunt, Thompson & Bowie, Portland, Me., for Cable.

ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF BRENDA COOK'S CLAIM FOR NEGLIGENT INFLICTION OF SEVERE EMOTIONAL DISTRESS, AS THAT CLAIM IS SET FORTH IN COUNT IV OF THE COMPLAINT

GENE CARTER, District Judge.

Plaintiff Brenda Cook sets forth in Count IV of the Complaint herein claims for damages resulting from negligent infliction of severe emotional distress and for loss of consortium, each resulting from injuries allegedly sustained by Plaintiff J. Russell Cook, her spouse. The matter is before the Court on the motions of Defendants General Cable Corp. (Docket No. 3) and Kiley Equipment Co. (Docket No. 8) to dismiss the first of these claims for failure to state a claim upon which relief may be granted. Defense motions were submitted to the United States Magistrate, and he filed his Recommended Decision on December 23, 1988 (Docket No. 16). Defendants objected to the Recommended Decision of the Magistrate (Docket Nos. 17 and 18). The matter is now before the Court for *de novo* consideration of the Magistrate's Recommended Decision on the aforesaid objections of Defendants.

This Court has reviewed and considered the Magistrate's Recommended Decision, together with the entire record herein and

has made a *de novo* determination of all matters adjudicated by the Magistrate's Recommended Decision to which objection has been made. This Court concurs with the recommendation of the United States Magistrate that Defendants' motions to dismiss the claim of Plaintiff Brenda Cook for negligent infliction of severe emotional distress be denied. The Magistrate articulated, in the view of this Court, an appropriate rationale to support the recommended disposition of the motions. Because this is an area in which Maine law is obviously in a period of evolution, the Court will amplify thereon only briefly.

In cases prior to *Gammon v. Osteopathic Hospital of Maine, Inc.*, 534 A.2d 1282 (Me.1987), the Maine Law Court has adopted "bright line" criteria for determining the elements of a claim seeking recovery of damages for negligent infliction of severe emotional distress. *See Rowe v. Bennett*, 514 A.2d 802 (Me.1986); *Rubin v. Matthews International Co.*, 503 A.2d 694 (Me.1986); *Culbert v. Sampson's Supermarkets, Inc.*, 444 A.2d 433 (Me.1982); *Wallace v. Coca Cola Bottling Plants, Inc.*, 269 A.2d 117 (Me.1970). In *Gammon*, however, the Court, noting that these criteria were intended "to ensure that a claim for emotional distress without physical injury is not spurious," *Gammon*, 534 A.2d at 1283, concluded that its prior case law "demonstrat[ed] the frailty of supposed lines of demarcation when they are subjected to judicial scrutiny in the context of varying fact patterns," terming them "artificial devices." The court then held that "[a] defendant is bound to foresee psychic harm only when such harm reasonably could be expected to befall the ordinarily sensitive person." *Id.* at 1285. The court also noted its prior definition of the tort of serious mental distress, as set out in *Culbert*, 444 A.2d at 437, as including the element of whether "a reasonable person normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the event." *Gammon*, 534 A.2d at 1285, n. 8 (quoting *Rowe v. Bennett*, 514 A.2d 802 at 805 (Me.1986).

The thrust of *Gammon* is that the court has now moved away from a set of bright-line deterministic, perhaps "artificial," criteria in determining when a claim for negligent infliction of severe emotional distress, unaccompanied by any direct trauma from the tortious event itself, is of sufficient specificity to guard against the hazards of spuriousness. The court in *Gammon* adopts a general standard of foreseeability focused upon when the specific psychic harm could reasonably be expected to befall the "ordinarily sensitive person." *Gammon*, 534 A.2d at 1285. Such a standard leaves behind the old "bright-line" formulations and requires a case-by-case application of the general standard of foreseeability, with its particular focus. The court in *Gammon*, a case tried to a jury and disposed of at the trial level by entry against the plaintiff of a directed verdict on the emotional distress claim, stated: "We hold that the evidence in this case would support a jury finding that either or both defendants failed to exercise reasonable care to prevent such an occurrence." Thus the holding gives strong indication that the resolution of the foreseeability issue may be, on a proper level of proof, a question of fact to be resolved by the jury. The court subsequently held in *Purty v. Kennebec Valley Medical Center*, 551 A.2d 858, 860 (Me.1988), that a complaint is not to be dismissed simply because it does not allege specific facts sufficient to permit a resolution of the application of the foreseeability rule.

It appears clear to the Court that the subject motions herein, insofar as they seek to dismiss the claim for negligent infliction of severe emotional distress for failure to state a claim, that is, for inadequacy in the pleading of those claims, are properly to be denied. It being determined that no further proceeding on the subject motions is necessary, it is *ORDERED* as follows:

(1) The Recommended Decision of the Magistrate is hereby *AFFIRMED;* and

(2) The motions of Defendants General Cable Corp. and Kiley Equipment Company to dismiss the claim of

Plaintiff Brenda Cook, set forth in Count IV of the Complaint herein, for negligent infliction of severe emotional distress be, and they are hereby, *DENIED.*

## RECOMMENDED DECISION ON MOTION TO DISMISS

DAVID M. COHEN, United States Magistrate.

Count IV of this products liability complaint joins claims by the plaintiff Brenda Cook for negligent infliction of severe emotional distress and for loss of consortium resulting from injuries allegedly sustained by the other plaintiff, her husband, when the extended and elevated boom device or aerial lift from which he was working as a lineman on a telephone company repair truck fell and he was thrown to the ground. Two of the defendants, General Cable Corp. and Jack Kiley, have moved to dismiss Brenda Cook's claim for negligent infliction of severe emotional distress on the ground it fails to state a claim upon which relief can be granted.

The defendants[1] argue that, under *Culbert v. Sampson's Supermarkets, Inc.,* 444 A.2d 433 (Me.1982), in order to satisfy the traditional tort principle of foreseeability in the context of this psychic injury claim, the plaintiffs are required but have failed to allege that Mrs. Cook directly observed her husband's accident or was located near the scene at the time it occurred. The plaintiffs respond that *Culbert* is not limited to cases of bystanders watching sudden physical trauma or accidents and that they need only allege, as they have, that Mrs. Cook experienced serious mental or emotional suffering proximately resulting from a tortious act by any one of the defendants and that such distress was a reasonably foreseeable result of such conduct, citing *Gammon v. Osteopathic Hospital of Maine, Inc.,* 534 A.2d 1282 (Me.1987), in addition to *Culbert.*

The defendants' reliance on *Culbert* is misplaced. While it is true that the specific holding of *Culbert* is that a *bystander* may recover damages for serious mental distress foreseeably resulting from witnessing another person harmed by the tortfeasor's negligent act without showing physical impact,[2] *Culbert,* 444 A.2d at 438; *Gammon,* 534 A.2d at 1284, *Culbert* is not the Law Court's last or current word on the subject. In *Gammon,* after reviewing several of its prior decisions, including *Culbert,* the Law Court announced that it was purposefully abandoning what it characterized "as artificial devices," long used by courts to protect against fraudulent claims, in favor of an expressed confidence in the trial process for such protection. *Gammon,* 534 A.2d at 1285. The requirement of bystander status is one of these rejected "artificial devices." The traditional foreseeability test remains, as does, apparently, the requirement that psychic distress be serious or severe.[3]

---

1. The defendant General Cable Corp. has not responded in writing to the court's Order entered December 5, 1988. However, at the conference of counsel held December 13, 1988, counsel for General Cable Corp. orally advised the court that General Cable Corp. adopted the memorandum of law filed by the defendant Jack Kiley in support of its own motion to dismiss the same claim.

2. The plaintiffs read *Culbert* more broadly, arguing that it provides a basis for recovery in psychic injury cases which does not require bystander status as an element. *See Culbert,* 444 A.2d at 437. However, any such suggestion is merely dictum.

3. Although in *Gammon* the Law Court occasionally uses the terms "emotional distress" and "mental distress" without any qualifying adjective, it does so in a context which strongly suggests the implicit use of either of the modifiers "severe" or "serious." In announcing its abandonment of so-called artificial devices, the court observed:

> We do not foresee any great extension of tort liability by our ruling today. We do not provide compensation for the hurt feelings of the supersensitive plaintiff—the eggshell psyche. A defendant is bound to foresee psychic harm only when such harm reasonably could be expected to befall the ordinarily sensitive person.

*Gammon,* 534 A.2d at 1285. The court then referred in a footnote to its description of serious mental distress in *Culbert* as being " 'where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the event.' " *Id.* at n. 8. In its concluding general statement, the Law Court stated: "[W]e recognize that the elimination of some barriers

In light of the Law Court's decision in *Gammon*, the defendants would be entitled to a dismissal of Brenda Cook's severe emotional distress claim under Fed.R.Civ.P. 12(b)(6) only if the conclusion were compelled that it is not reasonably foreseeable by a tortfeasor that an ordinarily sensitive person might suffer serious or severe emotional distress as a proximate result of the circumstances and injuries to her spouse alleged in the plaintiffs' complaint to have befallen Mr. Cook. In my opinion, the foreseeability of serious or severe psychic injury in such circumstances is not implausible and, therefore, such a conclusion is not compelled. Accordingly, I recommend that the defendants' motion to dismiss the claim of the plaintiff Brenda Cook for negligent infliction of severe emotional distress be DENIED.

## NOTICE

A party may file objections to those specified portions of a magistrate's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

DATED at Portland, Maine, this 23rd day of December, 1988.

to recovery for negligent infliction of *severe* emotional distress may compel further evaluation of other policy considerations." *Gammon,* 534 A.2d at 1286 (emphasis added). For purposes of disposition of the defendants' motion to dismiss, a determination whether the greater or lessor degree of psychic distress is required is not necessary since the plaintiffs have alleged that Mrs. Cook suffered "very severe emotional distress." Complaint, Count IV, ¶ 32.