ANNA PORTER v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

Submitted March 24, 1906—Decided June 11, 1906.

1. Recovery cannot be had for injuries due to fright alone.
2. Where physical injuries are received, all the resultant effects to the system, due to the accident, are recoverable.
3. In an action for injuries, proof that the plaintiff was hit on the neck by something, and the dust from falling debris went into her eyes, would take the case out of the rule as to non-recovery for fright alone.

On rule to show cause.

Before Justices FORT, PITNEY and REED.

For the rule, *McCarter, Williamson & McCarter.*

*Contra, Eugene Emley.*

The opinion of the court was delivered by

FORT, J.   The plaintiff in this case had a verdict at the Passaic Circuit for alleged injuries resulting from the negligence of the defendant company.

The plaintiff was walking upon the public highway in the city of Newark—upon Ogden street, in said city—and just as she was passing from under the overhead railway bridge of the defendant company, which spans the street, it fell, with an engine upon it, and she claims that something hit her upon the back of the neck and that the dust from the crash got into her eyes. She also claims injuries resulting from the shock. The chief injuries are alleged to be to her eyes and nervous system.

The contention of the defendant is that she received no physical injury whatever, but that the condition she alleges she is suffering from is due to fright alone. If that were true, of course, she could not recover. *Ward* v. *West Jersey and Seashore Railroad Co., 36 Vroom* 383.

But if she received physical injuries, all the resultant effects to her system, due to the accident, are recoverable.

The proof by the plaintiff was that she was hit on the neck by something, and that dust from the falling debris went into her eyes. Proof of either of these physical injuries would take the case out of the rule as to non-recovery for fright alone.

Accepting the finding of the jury that she thus suffered physical injury, she was entitled to damages for the results flowing therefrom. We do not think the weight of the evidence is so clearly against her having received the physical injuries she alleged as to justify us in disturbing the verdict on that ground.

Several points are made in the defendant's brief as to the erroneous ruling of the trial judge in the admission of evidence. We have examined them all. Some of the rulings alleged to be erroneous we do not find were excepted to, nor was there in fact even an objection to the ruling. It may be that on a rule to show cause the court has the discretionary power to grant a new trial for such errors of the trial court. In a case where an error goes to the very foundation of the plaintiff's right of recovery or to the real *quantum* of damages to be ascertained, the court, in its discretion, might grant a new trial for errors of the trial judge not brought to

his attention by an objection or excepted to at the time. Where, in a suit for libel, the trial judge permitted the question of the injury to the health of the plaintiff from the libel to enter into the damages, and this element of damages appeared to be largely the basis of the damages awarded by the jury, this court granted a new trial, although no exception appeared to have been taken to the charge of the trial court in this respect. *Butler* v. *Hoboken Printing Co., ante p.* 45.

But the granting of the new trial in this case could have been as well put upon the ground of excessive damages, owing to the consideration by the jury of this improper element of damages, and in other parts of the decision was practically so put.

Other reasons alleged as errors of the trial judge relate to the admission of evidence on the redirect examination of witnesses and to the refusal to strike out evidence.

These rulings do not seem to have been injurious to the defendant on the merits of the case, and were entirely within the discretion of the trial judge, and we can see no abuse of that discretion in the record. *Foley* v. *Brunswick Traction Co.,* 40 *Vroom* 481; *Willett* v. *Morse,* 42 *Id.* 104; *S. C.,* 60 *Atl. Rep.* 362; *Bodee* v. *State,* 28 *Vroom* 140.

There were no errors of the trial judge excepted to calling for reversal.

The only remaining ground is that the damages were excessive. The injuries to the plaintiff were not severe. We think them greatly exaggerated. The verdict is clearly excessive. On this ground the rule shall be made absolute, unless the plaintiff will consent to the reduction of the verdict to $500.