MCARTHUR v. SAULT NEWS PRINTING CO.

1. WITNESSES—ARGUMENTATIVE EXAMINATION—PREJUDICE.
   That counsel for plaintiff to some extent argued his case in the form of questions to and answers from a witness is not prejudicial where it is obvious that, if the witness was otherwise truthful, the argument was sound, and, if untruthful, unsound.

2. LIBEL AND SLANDER—INSTRUCTIONS—VERDICT—FORM.
   There is no reason for advising the jury in a libel case to specify in their verdict the amount awarded for injury to feelings where they are limited to a verdict for injury to feelings.

3. SAME—INSTRUCTIONS—DAMAGES—REPUTATION.
   In an action for libel in publishing the statement that plaintiff's boarding house, which had burned down, had for some time borne a bad reputation, an instruction that, if the house bore no worse reputation after the publication than before, plaintiff cannot recover, is properly refused, where business was not resumed in the house and no recovery for loss of reputation of the house or for injury to business, profits, or property is permitted.

4. SAME—INJURIES TO FEELINGS.
   A person may be entitled to substantial damages for injuries to her feelings resulting from a libelous publication, though she had a bad character and a bad reputation, neither of which are changed by the publication.

Error to Chippewa; Steere, J. Submitted April 12, 1907. (Docket No. 79.) Decided June 3, 1907.

Case by Jennie McArthur against the Sault News Printing Company for libel. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Davidson & Hudson*, for appellant.
*Doig & Doig*, for appellee.

OSTRANDER, J. Plaintiff was permitted by the charge

of the court to recover only for injuries to her feelings. The jury returned a verdict in her favor for $216, for which sum judgment was entered. Defendant has brought the case here. Defendant published an article which, after stating that a certain boarding house kept by plaintiff had been consumed by fire, that the inmates who were mostly women escaped with nothing but their night clothing, continued as follows:

"This is the second time the old house has been visited by fire in the past few months. The place has borne for some time a rather bad reputation, although Chief of Police Swart says the officials have been unable to procure evidence enough against the inmates to warrant making arrests."

These and other statements in the article are charged as meaning that the place was a house of prostitution and the plaintiff the keeper of such a house. The court, in terms not criticised by counsel, left it to the jury to determine the import of the article and its truth or falsity.

Certain errors are assigned and argued upon rulings admitting and excluding testimony. They require no discussion. Counsel for plaintiff to some extent argued his case in the form of questions to and answers from the witness Vigeant; but as it is obvious that, if the witness was otherwise truthful, the argument was sound, and, if untruthful, unsound, defendant was not prejudiced. In respect to the other rulings no error was committed.

It is contended that certain requests to charge should have been given. As the charge which was given is understood, these requests became immaterial. (1) There was no reason for advising the jury to specify in the verdict the amount awarded for injury to feelings because, and counsel concede this, the jury were limited to a verdict for injuries to feelings. (2) It was unnecessary and would have been misleading to instruct the jury, as requested, that, if the house had no worse a reputation after than it had before the publication of this article, plaintiff could not recover. Business was not resumed in the

house. No recovery for loss of reputation of the house or to business or profits or property was permitted. (3, 4) These requests relate to the reputation and character of plaintiff before and after the publication, and the words "reputation" and "bad character" are used without qualification. It is evident the jury found that the import of the article was to charge that plaintiff was keeper of a house of ill fame. A woman might have a bad reputation and a bad character, neither of which would be changed by such a publication, and yet be entitled to substantial damages for injuries to her feelings resulting from the publication. The verdict does not indicate that the jury were insensible to such proper considerations as the evidence presented.

We find none of the errors well assigned, and the judgment is affirmed.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.