By the Court.
 

 On the 30th day of December, 3923, the plaintiff in error, William C. Morton, was ihe owner of an apartment building, three or more stories high, in the city of Cleveland. On that day the defendant in error, Elbert Stack, a child of six years, together with his parents, were tenants of the plaintiff in error in such building, and resided on the third floor thereof.
 

 There was no fire escape on the building to which there was direct access from the apartment of the defendant in error, as required by an ordinance of the city of Cleveland. In the early morning of that day a fire occurred in such building. The defendant in error, together with his parents, after having unsuccessfully attempted to escape by an inside stairway, returned to their apartment, which was filled with smoke, and were obliged to remain there for fifteen to twenty minutes before a fireman was able to secure and erect a ladder and assist them
 
 *116
 
 from the building, during which time defendant in error coughed and called out. He thereafter, during a period of some weeks, was nervous, would shake, and cry out in his sleep, and apparently live over again the occasion of the fire, and a year and a half thereafter had a convulsion.
 

 The trial court, at the close of plaintiff’s evidence, directed a verdict for the defendant. The Court of Appeals reversed the judgment of the trial court.
 

 The issue here is, Do the above-recited facts constitute any evidence of injury, and, if so, do they tend to prove that the failure to maintain a fire escape, as required by the ordinance, was the proximate cause of the injury?
 

 The facts would support a reasonable inference that the coughing and subsequent abnormal condition of the defendant in error were attributable to the smoke inhaled during the fifteen minutes, and would tend to prove that the delayed escape was attributable to the absence of the fire escape, which would have afforded an immediate avenue of escape.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ.. concur.