Sharon LAVENDER, Personal Representative of the Estate of Robert W. Springate, Deceased, Appellants,

v.

J.D. HOFER & Wife, Joan Hofer, Individually and As Personal Representatives of the Estate of Their Daughter, June Deborah Hofer, Deceased, Appellees.

No. 13-82-100-CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 15, 1983.

Rehearing Denied Oct. 16, 1983.

Tom Hermansen, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellants.

Russell H. McMains, Edwards & Perry, Corpus Christi, for appellees.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a personal injury case arising out of an intersection collision in which the only issues on appeal concern the punitive damages awarded and the recovery by the appellees of damages for mental anguish and loss of companionship.

The jury found that Robert W. Springate was guilty of numerous acts of negligence and gross negligence, all of which were the proximate cause of the death of June Hofer. The facts concerning the liability of the appellant are not at issue and need not be further discussed. It should be noted that Robert W. Springate, the original defendant, died of unrelated causes after suit was filed by appellees, but before trial. His daughter, Sharon Lavender, was substituted as his personal representative. The appellees are the mother and father of June Hofer, who died in the collision from which this litigation arose.

The jury assessed actual damages against the defendant in the amount of $109,837.25. They awarded appellees actual damages in the amount of $10,000.00 for loss of society and companionship of their daughter and assessed punitive damages against the appellant (Robert W. Springate's estate) in the amount of $400,000.00. It is only the latter two awards that are the subject matter of this appeal.

In his first point of error, the appellant complains that the trial court erred in allowing the victim's parents to recover exemplary damages because they are not in the class of persons designated to recover exemplary damages under the Texas constitution. The Texas Constitution, in Art. XVI § 26, provides:

Every person, corporation, or company, that may commit a homicide, through willful act or omission, or gross neglect, shall be responsible for exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

■ It is appellant's argument that, regardless of whether or not recovery is sought under Tex.Rev.Civ.Stat.Ann. art. 4671 (Vernon Supp.1982), the Wrongful Death Act; or Tex.Rev.Civ.Stat.Ann. art. 5525 (Vernon 1958), the Survival Statute, the parents of the victim are not within the class designated to recover exemplary damages. While we may agree with appellant's argument concerning art. 4671 which allows recovery by a decedent's surviving spouse, children and parents for their losses as a result of the death,[1] we do not agree with this analysis of art. 5525 (The Survival Statute). Recovery of exemplary damages in wrongful death cases are limited to that class of people set forth in art XVI § 26 of the Texas Constitution. *Heil Co. v. Grant,* supra at 925; *Scoggins v. Southwestern Electric Service Co.,* 434 S.W.2d 376 (Tex. Civ.App.—Tyler 1968, writ ref'd n.r.e.). Appellees' claims are not predicated on article 4671 alone, but also on article 5525 which allows recovery by the legal representatives of the deceased for injuries suffered by the deceased. The question then becomes whether or not the heirs or legal representatives of the injured party who are not within the class of persons entitled to recover exemplary damages under art. XVI § 26 of the Texas Constitution may recover such damages under the Survival Statute.

■ Surviving parents may recover exemplary damages as representatives or heirs of the estate under art. 5525. It is apparent from a simple reading of the statute, that the deceased's entire cause of action, including that for exemplary damages

survives death. Therefore, the heirs or representatives of the estate should be allowed to pursue the entire cause of action and not lose a part of said cause of action because they do not fall within the class of people set forth in art. XVI § 26 of the Texas Constitution. *Folsom Investment, Inc. v. Troutz,* 632 S.W.2d 872 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Pace v. McEwen,* 574 S.W.2d 792 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.); *Houston American Life Insurance Co. v. Tate,* 358 S.W.2d 645 (Tex.Civ.App.—Waco 1962, no writ); See also *Castleberry v. Goolsby Building Corp.,* 617 S.W.2d 665 (Tex.1981), wherein the court held that the Worker's Compensation Act does not bar a deceased's cause of action for exemplary damages which survives through his estate under art. 5525.

We acknowledge that our holding herein concerning the application of art. 5525 may be inconsistent with some dicta in our opinion in *Bedgood v. Madalin,* 589 S.W.2d 797 (Tex.Civ.App.—Corpus Christi 1979), reversed 600 S.W.2d 773 (Tex.1980). To the extent that such inconsistency exists, we withdraw that portion of the opinion that reflects such inconsistency. The appellant's first point of error is overruled.

Appellant's second point of error raises a question of law that is unique to Texas jurisprudence. That question is whether or not punitive damages are recoverable against the estate of a deceased tort-feasor. This exact question may be one of first impression in Texas because, although the issue has been discussed in two previous appellate decisions, such cases do not directly address the question that is before us. In *Wright's Administratrix v. Donnell,* 34 Tex. 291 (1870), the court observed that an issue on punitive damages against the estate of a tort-feasor should not have been submitted to the jury but deemed the submission of that issue harmless in light of the jury's finding of no punitive damages. In *Sears, Roebuck and Co. v. Jones,* 303

---

1. See: *Heil Company v. Grant,* 534 S.W.2d 916 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.); *Norman v. Valley Gin Company,* 99 S.W.2d 1065 (Tex.Civ.App.—Beaumont 1936, writ ref'd).

S.W.2d 432 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.), the court cites the *Wright's Administratrix* opinion for the proposition that exemplary damages are not available against the estate of a tort-feasor. However, the court found no evidence to support the submission of any punitive damage issue, so the question of application of the award was not at issue. We pause to note that the *Wright's Administratrix* decision came out of the so-called "carpet-bagger court" of the 1861–1873 era. For a discussion of the impact of such a decision, see M. Boner, *A Reference to Texas Law and Legal History* 29–32 (1976) and see Norvell, *Oran M. Roberts and the Semicolon Court,* 37 Tex.L.Rev. 279 (1959).

There are three other opinions in Texas which have refused to allow the assessment of statutory penalties against the estate of the deceased wrong-doer. *Basham v. Smith,* 149 Tex. 279, 233 S.W.2d 297 (1950) (violation of Federal Rent Control Act); *Wright v. E–Z Finance Co.,* 267 S.W.2d 602 (Tex.Civ.App.—Dallas 1954, writ ref'd n.r.e.) (usury); *Whorton v. Nevitt,* 42 S.W.2d 1056 (Tex.Civ.App.—Waco 1931, no writ) (usury). These holdings are analogous to the question at bar, but are not in point. See also, Anderson, *Indemnity against Punitive Damages: An Examination of Punitive Damages, Their Purpose, Public Policy, and Coverage Provisions of the Texas Standard Automobile Policy* 27 SW.L.J. 593, 623, wherein the author cites *Sears, Roebucks and Company v. Jones, supra* and *Wright v. E–Z Finance Co., supra,* for the proposition that exemplary damages are not recoverable against the estate of a decedent.

An analysis of the primary question reveals a more fundamental question which must first be decided. That question is, what is the purpose of exemplary or punitive damages? Professor Prosser, in his definitive work on torts, (*Law of Torts Fourth Addition* (1971) in section 2 at page 9), observed that "[s]uch damages are given the plaintiff over and above the full compensation of his injuries for the purposes of punishing the defendant, of teaching him not to do it again, and of detering others

from following his example." Both 22 Am. Jur.2d, *Damages* § 237 (1965) and 25 C.J.S., *Damages* § 117(1) (1966) follow Professor Prosser's analysis that exemplary damages are awarded for the purpose of punishing the defendant and making an example of the defendant to deter others. Likewise, the *Restatement (second) of Torts* § 908 (1977) states the purposes of punitive damages are punishment of the wrong-doer and to set an example for others.

We observe that the Texas encyclopedia has adopted a position on the purpose of exemplary damages consistent with all of the above cited authority. In 17 Tex. Jur.2d, *Damages* § 174 (1960), it is stated that exemplary damages are awarded, not as compensation to the injured party, "but as punishment . . . and as a deterrent to the defendant and others from future commission of like offenses and wrongs." Citing *Bennett v. Howard,* 141 Tex. 101, 170 S.W.2d 709 (1943); *Pedernales Electric Coop, Inc. v. Schulz,* 583 S.W.2d 882 (Tex. Civ.App.—Waco 1979, writ ref'd n.r.e.); *Courtesy Pontiac, Inc. v. Ragsdale,* 532 S.W.2d 118 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Bank of North America v. Bell,* 493 S.W.2d 633 (Tex.Civ.App.—Houston [14th District] 1973, no writ). Therefore, based on the premise that the purpose of exemplary damages is punishment and to make an example of the wrong-doer, we look at the primary question of the applicability of such damages to the estate of a deceased tort-feasor.

The appellees sought recovery of exemplary damages under the auspices of Tex. Rev.Civ.Stat.Ann. art. 5525 (Vernon 1958); the Survival Statute. The Survival Statute provides:

"All causes of action upon which suit has been or may hereafter be brought for personal injuries, or for injuries resulting in death, whether such injuries be to the health or to the reputation, or the person of the injured party, shall not abate by reason of the death of the person against whom such cause of action shall have accrued, nor by reason of the death of

such injured person, but, in the case of the death of either or both, all such causes of action shall survive to and in favor of the heirs and legal representatives and estate of such injured party and against the person, or persons liable for such injuries and his or their legal representatives, and may be instituted and prosecuted as if such person or persons against whom same accrued were alive."

Although the statute does not specifically refer to punitive damages, it is the appellees' argument that the language, "all such causes of action shall survive," includes such claims as punitive damages. We do not agree with this analysis.

The Restatement (second) of Torts, section 926(b) (1979), specifically speaks to this very situation.

§ 926 Survival of Tort Actions

"Under statutes providing for the survival or revival of tort actions, the damages for a tort not involving death for which the tort-feasor is responsible are not affected by the death of either party before or during trial except that

(a) the death of the injured person limits recovery for damages for loss or impairment of earning capacity, emotional distress and all other harms, to harms suffered before the death, and

(b) the death of the tortfeasor terminates liability for punitive damages."

This same position is reiterated in 25 C.J.S., *Damages,* § 125(3) (1966) and 22 Am.Jur.2d, *Damages,* § 255 (1965). (although both treatises note contrary authority in some jurisdictions). In 65 A.L.R. 1049, there is an analysis of the question of whether or not the personal representative of an estate is liable for punitive damages assessed against a decedent's tort-feasor. The author points out that once the tort-feasor has died, the purpose for the assessment of exemplary damages ceases and, therefore, such damages are no longer assessible. The author concludes that:

"The general rule seems well settled, at least as to personal representatives, that neither the representative of a deceased person,—an executor or administrator,— nor the representative of an insolvent corporation,—a receiver,—is liable for exemplary or punitive damages in an action begun or continued against such representative for a tort committed by a deceased person or the insolvent corporation."

A review of other jurisdictions indicates that two federal appeals circuits and thirteen states, either by common law or statute, have adopted the rule that there can be no recovery of exemplary damages against the estate of a deceased tort-feasor.[2] There are three states, Florida, Illinois, and West Virginia, which have adopted a contrary rule.[3]

Appellees' attorney argues that Texas should adopt the position taken by the court in *Perry v. Melton,* 299 S.E.2d 8 (W.Va.

**2.** *Barnes v. Smith,* 305 F.2d 226 (10th Cir.1962); *Sullivan v. Associated Billposters and Distributors of U.S. and Canada,* 6 F.2d 1000 (2nd Cir.1925); *Sanchez v. Marguez,* 457 F.Supp. 359 (D.Colo.1978) (statutory prohibition); *Paul v. Milburn,* 275 F.Supp. 105 (W.D.Tenn.1967); *Ford Motor Credit Co. v. Hill,* 245 F.Supp. 796 (W.D.Mo.1965); *Amos v. Prom,* 115 F.Supp. 127 (N.D.Iowa 1953); *Holm Timber Industries v. Plywood Corp. of America,* 242 Cal.App.2d 492, 51 Cal.Rptr. 597 (1966); *Simone v. McKee,* 142 Cal.App.2d 307, 298 P.2d 667 (1956); *Rowen v. LeMars Mutual Insurance Co. of Iowa,* 282 N.W.2d 639 (Iowa 1979); *Wolder v. Rahm,* 249 N.W.2d 630 (Iowa 1977); *Stevenson v. Stoufer,* 237 Iowa 513, 21 N.W.2d 287 (1946); *Thompson v. Estate of Petroff,* 319 N.W.2d 400 (Minn.1982); *Mervis v. Wolverton,* 211 So.2d 847 (Miss.1968) (statutory prohibition); *Gordon v. Nathan,* 43 A.D.2d 917, 352 N.Y.S.2d 464 (1974) (statutory prohibition); *Summa Corp. v. Greenspun,* 96 Nev. 247, 607 P.2d 569 (1980); *Allen v. Anderson,* 93 Nev. 204, 562 P.2d 487 (1977); *Thorpe v. Wilson,* 58 N.C.App. 292, 293 S.E.2d 675 (1982); *McAdams v. Blue,* 3 N.C. App. 169, 164 S.E.2d 490 (1968); *Morriss v. Barton,* 200 Okl. 4, 190 P.2d 451 (1947); *Pearson v. Galvin,* 253 Or. 331, 454 P.2d 638 (1969); *Ashcraft v. Saunders,* 251 Or. 139, 444 P.2d 924 (1969); *Hayes v. Gill,* 216 Tenn. 39, 390 S.W.2d 213 (1965); *Dalton v. Johnson,* 204 Va. 102, 129 S.E.2d 647 (App.1963).

**3.** *National Bank of Bloomington v. Norfolk & Western Railway Co.,* 73 Ill.2d 160, 23 Ill.Dec. 48, 383 N.E.2d 919 (1978); *Johnson v. Rinesmith,* 238 So.2d 659 (Fla.App.1969); *Perry v. Melton,* 299 S.E.2d 8 (W.Va.1982).

1982). The use of exemplary damages in West Virginia exceeds the purposes given such awards by the courts of this state. See *City Products Corp. v. Berman,* 610 S.W.2d 446 (Tex.1980).

■ The better reasoned rule is set forth in the Restatement of Torts. The purpose of punitive damage in Texas is to punish the tort-feasor and to deter him from repeating a wrongful act by making an example of him. Obviously, if the tort-feasor is dead, he can no longer be punished or made an example of or be deterred from further wrongful acts. By adopting a contrary rule, we would only be making the deceased's heirs responsible for the wrongs of the deceased. We all know that title to an estate vests in the heirs immediately upon the death of the decedent. *Welder v. Hitchcock,* 617 S.W.2d 294 (Tex.Civ.App.— Corpus Christi 1981, writ ref'd n.r.e.); Tex. Prob.Code Ann. § 37 (Vernon 1982). It has often been said that there is no shorter interval of time than when a person dies and his estate vests in some other person or entity. To permit punitive damages in such a case as here would be punishing the devisees or legatees or the decedent's heirs at law, not the deceased. To hold otherwise would also make the punitive award compensatory rather than punitive in nature. Appellant's second point of error is sustained.

In his third point of error, the appellant complains of the action of the trial court in awarding appellees damages for mental anguish and loss of companionship arising from the death of their daughter. It is appellant's argument that, under the Wrongful Death Act, the surviving parent is entitled to recover only pecuniary damages for the death of a child. The appellant points out that recovery for mental anguish, grief, bereavement, or loss of companionship has been expressly disallowed. Citing *Bedgood v. Madalin,* 600 S.W.2d 773 (Tex.1980). Not so now.

■ In *Sanchez v. Schindler,* 651 S.W.2d 249 (Tex.1983), the pecuniary loss rule was expressly overruled by the Texas Supreme Court. Damages for loss of companionship,

society, and mental anguish are now permissible and allowable under the Wrongful Death Statute. The Supreme Court made the decision applicable to all cases in the judicial process at the time of their decision (April 27, 1983). Appellant's third point of error is overruled.

■ In his fourth point of error, appellant complains of the action of the trial court in allowing appellees to file a trial amendment increasing the punitive damages sought from $50,000.00 to $200,000.00, after the jury returned its verdict. Although this point of error is moot as a result of our holding under point of error number two, we find that the trial court did not abuse its discretion in allowing appellees' trial amendment. See *Hartford Accident and Indemnity Company v. Thurmond,* 527 S.W.2d 180 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). The trial court has broad discretion in permitting trial amendments and the opposing party must demonstrate some prejudice before a reviewing court will hold that a trial court abused their discretion. This has not been done. See *Schrader v. Artco Bell Corp.,* 579 S.W.2d 534 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Fry v. Guillote,* 577 S.W.2d 346 (Tex.Civ.App.—Houston [14th District] 1979, writ ref'd n.r.e.). Appellant's fourth point of error is overruled.

Because of our holding that exemplary damages are not recoverable in this type of case, we need not discuss the fifth point of error which complains that the punitive damages awarded to the estate of the deceased daughter were excessive.

The judgment of the trial court is reversed and judgment here rendered deleting the award of exemplary damages from the total amount of the award. The judgment of the trial court is affirmed in all other respects. The costs of this appeal are assessed 50% to the appellant and 50% to the appellees.

AFFIRMED in part; REVERSED and RENDERED in part.