**BAPTIST HOSPITAL OF SOUTHEAST TEXAS, INC., Appellant,**

v.

**Sarah C. BABER, et al., Appellees.**

**No. 09 83 203 CV.**

Court of Appeals of Texas, Beaumont.

May 10, 1984.

Rehearing Denied June 7, 1984.

David M. Davis, Davis & Davis, Austin, Kevin Dubose, Ryan & Marshall, Houston, for appellant.

Jim M. Perdue, Perdue, Turner & Berry, Houston, Ronald E. Lanier, Beaumont, for appellees.

## OPINION

DIES, Chief Justice.

This is a medical malpractice case brought by Sarah C. Baber, individually, as community survivor and heir at law of her deceased husband, Kenneth Wayne Baber, as community survivor of the estate of her husband, and as next friend of their children, Grace Lynn Baber, Anna Catherine Baber and Ellen Wayne Baber, minors, acting by and through their mother, Sarah C. Baber, as their next friend and guardian, and Bill Baber, Jr., and Verlyn Julia Baber, parents of Kenneth Wayne Baber, appellees (plaintiffs below), alleging professional negligence on the part of defendants below, George L. Campbell, M.D., and the Baptist Hospital of Southeast Texas, Inc. (hereinafter referred to as "Baptist Hospital"). Baptist Hospital filed a cross action over and against Dr. Campbell. Prior to the commencement of trial, Dr. Campbell stipulated his liability. A jury found Baptist Hospital liable and awarded damages totaling $1,327,000. The trial court granted plaintiff's motion for judgment and entered judgment in accordance with the jury verdict, holding Dr. Campbell and Baptist Hospital jointly and severally liable. The trial court refused to limit damages to $500,000 (exclusive of expenses of necessary medical, hospital, and custodial care), holding that *TEX.REV.CIV.STAT.ANN. Art. 4590i, Sec. 11.02* (Vernon Supp.1984), was unconstitutional. From this judgment, Baptist Hospital has perfected appeal to this Court.

We will first consider Baptist Hospital's second point of error which contends the trial court erred in holding the $500,000 damage limitation to be unconstitutional.

*Section 11.02 of Article 4590i* provides in part as follows:

"(a) In an action on a health care liability claim where final judgment is rendered against a physician or health care provider [*Sec. 1.03(a)(3):* " 'Health care provider' means any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home, or an officer, employee, or agent thereof acting in the course and scope of his employment."], the limit of civil liability for damages of the physician or health care provider shall be limited to an amount not to exceed $500,000.

"(b) Subsection (a) of this section does not apply to the amount of damages awarded on a health care liability claim for the expenses of necessary medical, hospital, and custodial care received before judgment or required in the future for treatment of the injury."

*Article 4590i*, the Medical Liability and Insurance Improvement Act, was passed in 1977, and one of its "Findings and purposes" [*Sec. 1.02(a)(5)*] declares "the situation has created a medical malpractice insurance crisis in the State of Texas." This is quite forcefully challenged by some legal scholars. *See generally* Witherspoon, "Constitutionality of the Texas Statute Limiting Liability for Medical Malpractice",

*10 TEX.TECH.L.REV. 419* (1979) (hereinafter referred to as "Witherspoon").[1]

■ Courts generally evaluate legislative classifications applying a "two-tier" equal protection analysis. If the classification involves a fundamental right or a suspect classification such as race, the state bears a heavy burden to justify the classification, usually referred to as the strict scrutiny test. In other areas, such as the right to recover in tort, a restrained standard of review is applied. This is usually referred to as the rational basis test. *American Bank & Trust Co. v. Community Hosp.*, 33 Cal.3d 674, 660 P.2d 829, 837, 190 Cal.Rptr. 371, 379 (1983); *Jones v. State Board of Medicine*, 97 Idaho 859, 555 P.2d 399, 406 (1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977); Redish, "Legislative Response to the Medical Malpractice Insurance Crisis: Constitutional Implications", *55 TEXAS L.REV. 759, 769–770* (1977) (hereinafter referred to as "Redish"). *See also, Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *McGowan v. Maryland*, 366 U.S. 420, 425–426, 81 S.Ct. 1101, 1104–1105, 6 L.Ed.2d 393 (1961).

■ Many courts considering the constitutionality of statutes imposing disabilities on certain classes of tort victims have relied on the presence or absence of a quid pro quo to the disadvantaged class as a factor in their determination. *See American Bank v. Community Hospital, supra,* 660 P.2d at 835–836; *Carson v. Maurer,* 120 N.H. 925, 424 A.2d 825, 837 (1980); *Arneson v. Olson,* 270 N.W.2d 125 (N.D. 1978); *Simon v. St. Elizabeth Medical Center,* 355 N.E.2d 903, 909–910 (Ohio Ct. Com.Pleas 1976); *Wright v. Central Du Page Hospital Association,* 63 Ill.2d 313, 347 N.E.2d 736, 742–743 (1976); *Witherspoon, supra* (10 Tex.Tech.L.Rev. at 463); *Redish, supra* (55 Texas L.Rev. at 785). The Supreme Court of the United States has never established this as a constitutional doctrine; however, it is safe to reflect, we think, that where a true quid pro quo

does exist, it strengthens the statutes' constitutionality. *See New York Central R. Co. v. White,* 243 U.S. 188, 201, 37 S.Ct. 247, 252, 61 L.Ed. 667 (1917); *Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983); *Lebohm v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951 (1955).

■ We agree with the North Dakota Supreme Court that "the limitation of recovery does not provide adequate compensation to patients with meritorious claims; on the contrary, it does just the opposite for the most seriously injured claimants. It does nothing toward the elimination of nonmeritorious claims." *Arneson v. Olson, supra,* 270 N.W.2d at 135–136. We, therefore, hold that the portions of *Section 11.02 of Article 4590i* set out above are unconstitutional as violating equal protection. We limit this holding to hospitals [as did the Supreme Court of California in *American Bank v. Community Hospital, supra,* 660 P.2d at 839], our only defendant in this action.

We do not deem it appropriate at this time to consider the statute as it relates to other categories of medical providers since, on another day, one or more of them may present a stronger case. Baptist Hospital's second point is, therefore, overruled. Baptist Hospital's first point of error states:

> "The trial court erred in awarding judgment to plaintiffs Sarah C. Baber a/k/a Sarah Baber Stafford, Verlyn Julia Baber, and Bill Baber, Jr. of $25,000 each for mental suffering for the reason that they were not entitled to recover such damages as a matter of law."

■ The jury found that the individuals' (named in this point of error) mental or emotional trauma did not result in depression or secondary reaction and did not manifest itself physically. Baptist Hospital cites several cases holding that a plaintiff in order to recover for mental injuries must prove some physical illness accompanied or

---

1. Witherspoon does not deny some nine states had a crisis, but argues that Texas was not one of them. *See 10 TEX.TECH.L.REV. at 446.*

produced by the mental injury, except in cases of intentional tort.[2]

We believe *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983), has now authorized the recovery for mental anguish without proof of physical injury or conduct worse than negligence. Certainly, the majority of the Court had before it a vigorous dissent which so states (at 258). This point of error is overruled.

The holding of this opinion makes it unnecessary to address Baptist Hospital's final point of error.

The judgment of the trial court is affirmed.

Affirmed.

McNICHOLAS, J., not participating.

---

**2.** *Speier v. Webster College,* 616 S.W.2d 617 (Tex. 1981); *Duncan v. Luke Johnson Ford, Inc.,* 603 S.W.2d 777 (Tex.1980); *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931 (Tex.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980); *Gulf, C. & S.F. Ry. Co. v. Hayter,* 93 Tex. 239, 54 S.W. 944 (1900); *Hill v. Kimball,* 76 Tex. 210, 13 S.W. 59 (1890).