AIR FLORIDA, INC., Appellant,

v.

Carolyn ZONDLER, William Zondler, Jr. and Patrick Zondler, Appellees.

No. 05–83–01261–CV.

Court of Appeals of Texas, Dallas.

Dec. 4, 1984.

Rehearing Denied Jan. 11, 1985.

Robert A. Gwinn, Charles L. Perry, Johnson, Bromberg & Leeds, Dallas, Tex., Desmond T. Barry, Jr., Condon & Forsyth, New York City, for appellant.

Randall R. Moore, John Howie, Law Offices of Windle Turley, P.C., Dallas, Tex., for appellees.

Before ALLEN, GUILLOT and STEWART, JJ.

ALLEN, Justice.

Air Florida, Inc. has filed a limited appeal challenging the portion of the trial court's judgment which awarded non-pecuniary damages to Carolyn, William, Jr., and Patrick Zondler for the wrongful death of William Zondler, Sr. Air Florida contends that non-pecuniary damages can only be awarded for the wrongful death of minor children, that the award of damages for both mental anguish and loss of society amounted to a double recovery, and that there was no evidence to support the damage award for mental anguish because there was no evidence that any of the Zondlers suffered any physical injury accompanying their mental anguish. We reject Air Florida's first two contentions but agree that there was not the requisite proof of physical injury to support an award of damages for mental anguish to any of the Zondlers. In addition, we reject the Zondlers' cross-points that the trial court erred in failing to award prejudgment interest and that the jury's finding that William Zondler, Sr. suffered no pain or mental anguish before his death was against the great weight and preponderance of the evidence. Consequently, we reform the judgment to eliminate the damage awards for mental anguish and affirm as reformed.

William Zondler, Sr. was killed in the widely-publicized crash of an Air Florida jetliner in Washington, D.C. The jet crashed through a bridge and into the Potomac River. Air Florida admitted liability by stipulation, and the parties tried the case solely on the issue of damages. The trial court's judgment awarded Carolyn Zondler, William Zondler, Sr.'s wife,

$1,500,000.00 for pecuniary loss, $500,-000.00 for loss of consortium, and $300,-000.00 for mental anguish. It awarded William Zondler, Jr. and Patrick Zondler, the deceased's sons, $20,000.00 each for pecuniary loss, $50,000.00 each for loss of companionship and society, and $50,000.00 each for mental anguish.

Air Florida challenges the judgment first on the basis of its position that awards of non-pecuniary damages in wrongful death cases are limited to the situation in which deceased is a minor child. Air Florida grounds its argument chiefly on two premises: (1) the general rule in Texas has always been that non-pecuniary damages are not recoverable in wrongful death actions and (2) the precise holding in *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983), that a parent can recover non-pecuniary damages for the wrongful death of a minor child, is limited to its facts. Hence, Air Florida argues, although *Sanchez* created an exception to the general rule against nonpecuniary recovery, that exception is applicable only in the case of a minor child's wrongful death. Air Florida buttresses its position by noting that the majority in *Sanchez* declined to adopt the broad language of Justice Ray's concurring opinion, which urged the court to hold explicitly that *any* family member could recover non-pecuniary damages. In addition, Air Florida argues that there is a special rationale for allowing non-pecuniary recovery only in the case of a minor child, namely, that minor children in modern society produce, for the most part, no *pecuniary* value for their parents and that continued application of the old rule to cases in which a child is killed would almost universally exclude recovery by the bereaved parents. This, Air Florida says, is a particular injustice which the *Sanchez* court found necessary to correct. Air Florida insists that *Sanchez* addressed no other or broader injustice than this effective denial of recovery in all wrongful death cases in which a minor child was the family member killed.

After close examination of the *Sanchez* opinion, we cannot accept Air Florida's analysis of the supreme court's decision.

When we look at the cases the supreme court overruled in footnote 2 of its opinion, *Sanchez*, 651 S.W.2d at 251, we conclude that the supreme court in *Sanchez* rejected completely the rule that there can be no recovery of non-pecuniary damages in wrongful death cases. The supreme court in footnote 2 overruled a number of cases in which the deceased was not a minor child. In those cases, the court could only have been overruling the language enunciating the former rule that non-pecuniary damages are not recoverable. For example, the supreme court overruled *March v. Walker*, 48 Tex. 372 (1877), the oldest case and progenitor of the pecuniary loss rule in Texas. *See Sanchez*, 651 S.W.2d at 252. In *March v. Walker*, the guardian and next friend of the decedent's minor children had brought the wrongful death action. *March v. Walker*, 48 Tex. at 373. Footnote 2 singles out page 375 of the *March v. Walker* opinion as the page containing the portion of that decision which the *Sanchez* court meant to overrule. The relevant language in *March v. Walker*, 48 Tex. at 375, is as follows:

> The language of the [wrongful death] statute "damages proportioned to the injury resulting from such death," is the same as ... the English statute, and it is well settled, that the damages given by such statutes are measured by the pecuniary injury to the respective parties entitled, including the loss of prospective advantage. The measure of damages is not the same as when a party himself sued for injuries received, and recovers compensation for physical and mental suffering.

Thus, the *Sanchez* court in footnote 2 overruled none other than the original pronouncement limiting recovery in wrongful death actions to the pecuniary loss.

■ Clearly, the rationale behind the *Sanchez* holding completely rejects the notion that wrongful death recovery must be limited to pecuniary loss. We disagree with Air Florida's contention that a special rationale concerning minor children animated the *Sanchez* decision. The universal

denial of recovery to bereaved parents of minor children would not be harsh and unjust if non-pecuniary losses were not real losses which demand compensation. *See Sanchez,* 651 S.W.2d at 252 (non-pecuniary losses are "significant injuries ... worthy of compensation"), *citing Whittlesey v. Miller,* 572 S.W.2d 665, 668 (Tex.1978) (loss of consortium is compensable damage). Denying recovery for these real losses to adult children who have lost a parent, to parents who have lost adult children, or to husbands and wives who have lost their spouses would be equally harsh and unjust, especially in those cases in which for some reason the adult wrongfully killed would not have provided pecuniary benefits. *See Sanchez,* 651 S.W.2d at 252 ("[a] parent's claim for damages for the loss of companionship of a child is closely analogous to the loss of consortium action created in *Whittlesey"* ). Finally, the majority opinion's failure to adopt the broad language of Justice Ray's concurrence signifies little. It is wise jurisprudence for a court to confine its *holding* to the facts actually before it, whatever logical implications the *rationale* for its holding might have. Indeed, a Texas court has no power to determine questions not essential to the decision of the controversy before it. *Firemen's Insurance Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331, 333 (Tex.1968); *McKenzie v. McKenzie,* 667 S.W.2d 568, 570 (Tex.App.—Dallas 1984, no writ); *Davis v. Dairyland County Mutual Insurance Co. of Texas,* 582 S.W.2d 591, 593 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

A majority of the Texas Court of Appeals decisions which have faced the question before us agree with our conclusion that non-pecuniary losses are recoverable even when the decedent is not a minor child. *Missouri Pacific Railroad Co. v. Dawson,* 662 S.W.2d 740, 741–42 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) granted non-pecuniary damages to a widow for the wrongful death of her husband and stated that either spouse could recover loss of consortium damages in a wrongful death action. The same Corpus Christi Court of Appeals, in *Lavender v. Hofer,* 658 S.W.2d 812, 817 (Tex.App.—Corpus Christi 1983), *aff'd in part, rev'd in part, all on other grounds,* 679 S.W.2d 470 (1984), approved an award to parents of non-pecuniary damages for the death of a child who, according to the Texas Supreme Court opinion, was eighteen years old. 679 S.W.2d at 471. The El Paso Court of Appeals, in *Moore v. Lillebo,* 674 S.W.2d 474, 476 (Tex.App.—El Paso 1984, no writ), allowed an award of non-pecuniary damages for the death of an adult child, as did Houston's First Supreme Judicial District Court of Appeals in *City of Houston v. Stoddard,* 675 S.W.2d 280, 285 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). There is only one case, from the Fort Worth Court of Appeals, which holds that, under *Sanchez,* non-pecuniary recovery is limited to cases in which the decedent is a minor child. *Piper Aircraft Corp. & United Fire Insurance Co. v. Yowell,* 674 S.W.2d 447, 461–62 (Tex.App.—Fort Worth 1984, no writ). In any event, for the reasons already stated, we cannot accept the Fort Worth court's interpretation of *Sanchez.*

■ We hold that recovery of non-pecuniary damages in wrongful death actions is allowable for plaintiffs other than the parents of a minor child wrongfully killed. In particular, the spouse and adult children of a person wrongfully killed may recover such damages.

■ The next question is the nature of the non-pecuniary damages that are recoverable. Air Florida says that the non-pecuniary damage which a death in the family brings, even if called "loss of companionship and society," really amounts to nothing more than mental anguish. We cannot agree. Loss of companionship and society (or consortium, which includes companionship, society and sexual relations) and mental anguish are distinct items or kinds of damage. Loss of companionship and society is the loss of a good, which loss in itself is compensable. *See Whittlesey v. Miller,* 572 S.W.2d at 667–68, *cited in Sanchez,* 651 S.W.2d at 252. Mental anguish is an

additional consequential result of the loss of that good. A death in the family might leave one emotionally numb, unable to feel grief; yet, even so, the loss of the loved one's society, of the good things that come from being with that person, would be nonetheless real. Even when normal grief subsides, as it usually does, the loss of the good in the deceased's companionship still persists. It is consequently not surprising that the decisions squarely addressing this question agree that loss of society and mental anguish are distinct items of recovery. *Gulf State Utilities v. Reed*, 659 S.W.2d 849, 852–53 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.), *accord, Moore v. Lillebo*, 674 S.W.2d at 477. (*Missouri Pacific Railroad v. Dawson* states in *dictum* that these items are "conceivably" distinguishable. *Missouri Pacific Railroad*, 662 S.W.2d 742–43.) We hold that plaintiffs in a wrongful death action may recover both for loss of society (or consortium) and for mental anguish.

■ Finally, we consider Air Florida's contention that the Zondlers were not, in any case, entitled to recover for mental anguish. First, Air Florida argues that plaintiffs in this case were not in the "zone of danger" when William Zondler, Sr. died, had no "contemporaneous perception" of the accident, and thus should not recover damages for mental anguish. Air Florida urges this court to find that the Texas Supreme Court erred in *Sanchez* when it held that a wrongful death plaintiff need not have been in the "zone of danger" or have had a "contemporaneous perception" of the accident to recover for mental anguish. *Sanchez*, 651 S.W.2d at 254 n. 6. Of course, this court has no authority to find that the Texas Supreme Court has erred. *Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex.1964); *Woodard v. Texas Department of Human Resources*, 573 S.W.2d 596, 598 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.).

■ Air Florida's second argument on the issue of the Zondlers' entitlement to mental anguish damages is more substantial. Air Florida contends that the Zon-

dlers have not proved the physical injury required for recovery of mental anguish damages. Before *Sanchez*, the Texas rule was that damages for mental anguish could be recovered only if the plaintiff showed an intentional tort, gross negligence, willful and wanton disregard, or an accompanying physical injury. *Farmers & Merchants State Bank v. Ferguson*, 617 S.W.2d 918, 921 (Tex.1981). The question is whether *Sanchez* changed that rule. *Baptist Hospital of Southeast Texas, Inc. v. Baber*, 672 S.W.2d 296, 298–99 (Tex.App. —Beaumont 1984, no writ) holds that *Sanchez* did change this rule, but the court of appeals in that decision supports its view only by pointing to the remarks in the *Sanchez* dissent expressing apprehension about language in the majority opinion which seemed to suggest "that any mental anguish, however slight, is compensable." *Sanchez*, 651 S.W.2d at 258 (Pope, C.J., dissenting). However, the dissent acknowledges that the plaintiff in *Sanchez* satisfied the physical injury threshold. *Id.* Although the *Sanchez* opinion does use broad and expansive language in discussing recovery of mental anguish damages, we find nothing in either the holding or the rationale of that opinion which definitely indicates a change in the former rule requiring proof of an accompanying physical injury. Indeed, the plaintiff in *Sanchez* did suffer an accompanying physical injury, namely, frequent neck and shoulder pains and headaches. *Sanchez*, 651 S.W.2d at 253 (majority opinion). Moreover, *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 117–18 (Tex.1984) seems to retain the traditional limitations on recovery of mental anguish damages, although the opinion does not specifically mention the requirement of accompanying physical injury. We therefore decline to follow the court of appeal's holding in *Baptist Hospital*. We hold instead that in a simple negligence case proof of accompanying physical injury is a necessary predicate to recover damages for mental anguish.

■ The Zondlers do not contend that Air Florida's fault reached the level of in-

tentional tort, gross negligence, or willful and wanton disregard. Consequently, we must decide whether the Zondlers proved the requisite physical injury. The best evidence of physical injury to Carolyn Zondler was that she "collapsed against the wall" upon hearing that her husband had probably died and that she had suffered severe depression and anxiety attacks. It is not clear, however, whether Carolyn Zondler's "collapse" was, in fact, a physical collapse involving loss of consciousness or motor control or was simply a natural emotional reaction to the crushing news. Depression alone is a psychological, not physical, affliction. Although anxiety attacks often involve physical symptoms, such as the inability to breathe, there is no evidence that Carolyn Zondler suffered any such physical symptoms.

The evidence of the effects of William Zondler's death on his two sons is even less suggestive of physical injury. This evidence, the testimony of a psychologist, only touches on the emotional and psychological problems the sons experienced on account of their father's death. There is nothing relating to physical symptoms at all.

We consequently find that, because the Zondlers produced no evidence at trial of accompanying physical injury, all the damage awards for mental anguish must be disallowed. *Farmers & Merchants State Bank v. Ferguson*, 617 S.W.2d at 921; *Freedom Homes of Texas v. Dickinson*, 598 S.W.2d 714, 717–18 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.) (subjective mental symptoms and slight digestive disorders no evidence of physical injury).

■■■ We now address the Zondlers' cross-points. First, the Zondlers insist that they should have been awarded pre-judgment interest on their damages. Texas does not allow pre-judgment interest in personal injury actions. *Texas & N.O.R. Co. v. Carr*, 91 Tex. 332, 43 S.W. 18 (1897); *Piper Aircraft Corp. v. Yowell*, 674 S.W.2d at 462–463 (wrongful death damages are too uncertain to warrant an award of pre-judgment interest); *Hutton v. Burkett*, 18 S.W.2d 740, 741 (Tex.Civ.App.—

Eastland 1929, writ ref'd). Further, in *State v. Weller*, 666 S.W.2d 362, 363 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), the court held that *Sanchez* did not change this long-standing rule. We conclude that the most relevant authority is contrary to the Zondlers' first cross-point; consequently, we overrule it.

■■■ The Zondlers also argue that the jury's finding that William Zondler, Sr. suffered no pain or mental anguish before his death is against the great weight and preponderance of the evidence. The Zondlers' evidence on this point comes mainly from a survivor of the plane crash. This survivor (an experienced airplane traveler) testified that when the plane took off, it shook so abnormally that he knew almost immediately that something was wrong. Other people, he said, were looking around after take-off. He did not say whether they seemed to be afraid or simply puzzled. This witness testified that he observed that the plane was not ascending after take-off. Since he knew the layout of the runway, he realized within ten seconds after take-off that the plane would crash. He therefore prepared himself for impact. He testified that he was conscious after the collision with the bridge, although he did black out when the plane subsequently hit the water. He reported in his testimony that there were people crying and moaning after the crash, but that these sounds stopped very quickly after the crash, when the plane sank.

This witness did not know William Zondler. He gave no testimony based on direct observation of Zondler showing Zondler's probable knowledge of, reaction to, and condition after the crash. The Zondlers presented no evidence to show that William Zondler was in a position to see, as the witness was, that the airplane was about to crash. They did not show that William Zondler was sitting in a place in which it was likely that he would have survived and been conscious after the first impact. (Their witness was sitting at the back of the plane.) Finally, the Zondlers, in answers to two of Air Florida's interrog-

atories, stated that they did not know whether William Zondler died instantaneously in the crash or whether he suffered conscious pain before his death.

In light of all this, we would be hard put even to say that there was some evidence to support a finding that William Zondler suffered conscious pain and mental anguish before his death. We clearly cannot say that the jury's finding that he suffered none is against the great weight and preponderance of the evidence. We overrule the Zondlers' second cross-point.

Accordingly, we reform the judgment of the trial court to eliminate the award for mental anguish of $300,000.00 to Carolyn Zondler and the awards for mental anguish of $50,000.00 each to William Zondler, Jr. and Patrick Zondler. As so reformed, we affirm the judgment.

Reformed and affirmed.

GUILLOT, J., dissenting.

GUILLOT, Justice, dissenting.

I respectfully dissent from the majority's opinion because I believe the court should overturn its longstanding decisions and authorize recovery for mental anguish without proof of physical injury in a simple negligence case.

Various reasons have been advanced for the unwillingness to redress mental injuries in a simple negligence case. One is the difficulty of measuring the damages. "Mental pain or anxiety," said Lord Wensleydale in the parent of a long line of decisions in 1861, "the law cannot value, and does not pretend to redress, when the unlawful act complained of causes that alone." *Lynch v. Knight*, 9 H.L.C. 577, 598; 11 Eng.Rep. 854, 863 (1861). Insofar as the generalization may be true, it can hardly be based upon the reason indicated, namely, that mental suffering is too subtle and speculative to be capable of measurement by any standard known to the law. That a plaintiff's recovery must be in money damages need cause us little more difficulty in cases of emotional disturbance than in any other instance of non-pecuniary

loss—the pain of a shattered leg, the loss of reputation from a defamation, the loss of liberty from false imprisonment—none of which has been denied compensation. E.g., Goodrich, "Emotion Disturbance as a Legal Damage," 20 MICH.L.REV. 503, 509 (1921); Magruder, "Mental and Emotional Disturbance in the Law of Torts," 49 HARV.L.REV. 1033 (1936); Prosser, "Intentional Infliction of Mental Suffering a New Tort," 37 MICH.L.REV. 874, 875 (1939).

The established rule of damages set forth in the RESTATEMENT (SECOND) OF TORTS, § 47(b) (1965) states:

Where the actor's tortious conduct in fact results in the invasion of another legally protected interest, as where it inflicts bodily harm, or imposes a confinement, emotional distress caused either by the resulting invasion or by the conduct may be a matter to be taken into account in determining the damages recoverable. In many instances there may be recovery for emotional distress as an additional, or "parasitic" element of damages in an action for such a tort.

As long ago as 1906, legal scholars remarked upon this phenomenon. One called such damages "parasitic," and ventured a prediction which has proved to be true: "The treatment of any element of damages as a parasitic factor belongs essentially to a transitory stage of legal evolution. A factor which is today recognized as parasitic will, forsooth, tomorrow be recognized as an independent basis of liability." STREET, FOUNDATIONS OF LEGAL LIABILITY, 470 (1906); Prosser, *supra* at 88; Goodrich, *supra* at 510; Magruder, *supra* at 880. The negligent infliction of mental anguish is in the process of becoming a cause of action in itself, just as the intentional infliction of such damages became an independent cause of action.

Protection has already been afforded to mental tranquility in a variety of situations. For example, large sums of money have been recovered as damages for false imprisonment, though the detention was of a short duration and involved no damage

other than annoyance and indignity. *Gadsden General Hospital v. Hamilton*, 212 Ala. 531, 103 So. 553 (1925). Damages have also been recovered for injuries to feelings in defamation cases, where no special damage is alleged, even though the reputation has not been hurt by the publication. *McArthur v. Sault News Printing Co.*, 148 Mich. 556, 112 N.W. 126 (1907); *Louisville Press Co. v. Tennelly*, 105 Ky. 365, 49 S.W. 15 (1899).

Just as mental tranquility has been protected, mental suffering has long been a recognized element of damages. In many cases, mental distress has often been the only substantial damage. *Tennelly*, 49 S.W. at 15. The tendency remains, however, to find or include some other basis for the action—however strained—and to disguise the real basis of recovery under another name. Consequently, the courts have allowed substantial sums to be recovered as damages for shock, fright, humiliation, and other forms of "mental anguish" whenever accompanied by physical injury.

The "physical injury" may include inhalation of smoke, electric shock, dust in the eye, and similar trivialities. *Morton v. Stack*, 122 Ohio St. 115, 170 N.E. 869 (1930); *Hess v. Philadelphia Transportation Co.*, 358 Pa. 144, 56 A.2d 89 (1984); *Porter v. Delaware, L. & W.R. Co.*, 73 N.J.L. 405, 63 A. 860 (Sup.Ct.1906) (respectively). When the requisite physical injury is found, full recovery is allowed; the damages are not limited to the physical injury. Thus, in the instant case, had Mrs. Zondler fallen to her knees upon learning of her husband's death, bruising them, she would be entitled to fully recovery the $300,000.00 the jury awarded her to redress her mental anguish. This is absurd.

Allowing damages as described above should end the argument that adjusting compensation is impossible and that awarding damages for mental anguish without physical injury is too speculative to be recognized as a legally protected interest. There is no reason to resort to such subterfuges. It is time to abandon them and to rest the action upon its real ground.

We have already started to see a departure from physical injury being a requisite for recovery for mental anguish. One of the early decisions rejecting a physical injury requirement was the Hawaii case, *Rodrigues v. State*, 52 Haw. 156, 472 P.2d 509 (1970). Following the rationale of that decision, the California Supreme Court agreed that the "unqualified requirement of physical injury is no longer justifiable." *Molien v. Kaiser Foundation Hospitals*, 27 Cal.2d 916, 167 Cal.Rptr. 831, 616 P.2d 813, 820 (1980). In *Molien*, while recognizing that the physical injury rule is still followed by most courts, the court stated that the arbitrary distinction between physical and psychological injury "clouds the issue"; the real question is one of proof. Jurors are capable of determining from their own experiences whether and to what extent a plaintiff has sustained emotional distress as a result of the defendant's conduct. *Molien*, 616 P.2d at 821.

The Supreme Court of Arkansas has approved sizeable amounts for mental anguish alone. *Pitts v. Greene*, 382 S.W.2d 904 (Ark.1964); *Tiner v. Tiner*, 379 S.W.2d 425 (Ark.1964); *Peugh v. Oliger*, 345 S.W.2d 610 (Ark.1961). In none of these cases was there more evidence of mental anguish shown than in the *Pitts* case, a case involving the wrongful death of a 17-year-old girl. The mother testified that she went to pieces and had to go to work since she couldn't stay at home, that she was unable to work and had to leave town several times, but nothing helped. The nurse drew a "touching picture" of how the mother acted while visiting the hospital, indicating excessive grief. The father's anguish was indicated by the showing that he was visibly upset while testifying—his face was contorted and it was hard for him to make audible answers. *Pitts*, 382 S.W.2d at 909. The court held it was within the province of the jury to fix the pecuniary remuneration to compensate the parents for the grief of the loss of their daughter. *Pitts*, 382 S.W.2d at 909.

Texas courts have begun to recognize mental anguish as an independent basis of

liability. The Supreme Court of Texas, in the case of *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983), in dicta, authorized recovery for mental anguish absent proof of physical injury or conduct worse than negligence. In the case of *Baptist Hospital of Southeast Texas v. Baber*, 672 S.W.2d 296 (Tex.Civ.App.—Beaumont 1984, reh. den.), the Beaumont Court of Appeals followed the Supreme Court by holding, "We believe *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983), has now authorized the recovery for mental anguish without proof of physical injury or conduct worse than negligence." *Baptist Hospital*, 672 S.W.2d at 299. For disapproving cases *see, e.g., Speier v. Webster College*, 616 S.W.2d 617 (Tex.1983); *Duncan v. Luke Johnson Ford, Inc.*, 603 S.W.2d 777 (Tex.1980); *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931 (Tex.1980); *Hill v. Kimball*, 76 Tex. 210, 13 S.W. 59 (Tex. Comm'n App.1929, holding approved).

While it is clear that there are conflicting cases regarding the recovery of damages for mental anguish without proof of physical injury, this but indicates that the law on this subject is in a transitory stage. I believe we should adopt the trend that does not rely on the absurdity of requiring a physical injury. Having recognized the value of a peaceful mental state, the law should remedy any wrong to that state, for it is the business of the law to remedy deserving wrongs.

The danger that a host of meritless claims will be brought is no reason to deny recovery for any genuine, serious mental injury. As Chief Justice Holt said as long ago as 1703: "It is no objection to say that it will occasion multiplicity of actions; for if men will multiply injuries, actions must be multiplied too; for every man that is injured ought to have his recompense." *Ashby v. White*, 2 Ray on Ld 938, 955, 92 Eng.Rep.R. No. 126, 137 (KB 1703).

No rule which results in the denial of a legal remedy in all cases should be retained simply because in some cases a fictitious injury may be urged or a difficult problem of proof presented. Consequently, I would affirm the jury award of damages for mental anguish absent proof of physical injury.